GRAYSON-McLEOD LUMBER COMPANY *v.* DUKE.

Opinion delivered June 25, 1923.

1. DEEDS—AFTER-ACQUIRED TITLE.—An after-acquired title, under Crawford & Moses' Dig., § 1498, inures to the benefit of the grantee and all subsequent grantees.

2. MINES AND MINERALS—ADVERSE POSSESSION.—Adverse occupancy of the surface of land does not put the statute of limitations into operation as against the retained mineral rights of a prior grantor.

3. ADVERSE POSSESSION—AFTER-ACQUIRED TITLE OF GRANTOR.—A subsequent grantee acquiring title by virtue of an after-acquired title of his immediate grantor takes with notice of such title and is presumed to hold under it unless he shows adverse occupancy independent of that chain of title.

Appeal from Pike Chancery Court; *James D. Shaver,* Chancellor; reversed.

*W. V. Tompkins, D. L. McRae* and *Chas. H. Tompkins,* for appellant.

The authorities uniformly hold that there may be a severance of the mineral estate from the estate in the land, which may be effected by a reservation in the conveyance of the land. 18 R. C. L. Mines, §§ 83-5; C. & M. Digest, § 9856, recognizes it; 1 Thornton, Oil and Gas, § 342; 267 Fed. 513. This the necessary effect of decision in 103 Ark. 175. The severance was effected by the reservation in the deed, and possession by appellee and his grantors of the surface of the lands thereafter was not adverse to the owner of the mineral rights, whose interest was not lost by non-user. 215 S. W. (Ky.) 81, 13 A. L. R., 369, and note; 74 Ohio Stat. 295, 78 N. E.

433; Ann. Cas. 1912-D, 1196; 35 Am. Dec. (Mass.) 305; (Okla.) L. R. A. 1918-A, 487-491; 39 L. R. A. (Tenn.) 249; 1 Thornton, Oil and Gas, § 336. Payment of taxes by the owner of the surface could not affect an adverse holding of the mineral rights any more than an actual holding of the surface would do so. The reservation in appellant's recorded deed was notice to all subsequent grantees. C. & M. Digest, 1536. Appellant was not, however, chargeable with deeds made without reservation by its grantee and successors in title. 99 Ark. 446; 1912-D Ann. Cas., 1198. The confirmation proceeding, C. & M. Digest, § 8368, with payment of taxes for 7 years, was not an adverse proceeding. C. & M. Digest, § 8371; 140 Ark. 367; 87 Ark. 494; C. & M. Digest, 8370. Payment of taxes under the statute is effective only when the lands are unimproved and uninclosed. 132 Ark. 14. Non-user is associated with and akin to laches, but title is not invested by laches, and laches cannot be pleaded against the legal title set up by appellant. 94 Ark. 127; 88 Ark. 404. Reservation not contrary to public policy. 191 U. S. 497; 171 U. S. 655; 176 U. S. 505; 40 Ark. 261; 74 N. J. Eq. 457. Louisiana is not a common-law State, and the decision in 91 So. (La.) 207 should have no weight in determining a question of public policy in this State.

*W. T. Kidd* and *T. W. Rountree,* for appellee.

Appellee had a right to have his title confirmed and the reservation of the oil and gas mineral rights canceled as a cloud on his title to lands of which he had been in actual possession and paying taxes thereon for 17 years. C. & M. Digest, § 6942. The statute, when applicable in equity, is as binding as at law. 47 Ark. 25. A vendor's lien reserved in the face of the deed is barred when the debt is barred by limitation. 53 Ark. 367. 43 Ark. 464. Seven years' adverse possession bars the action to enforce the claim of the owner against the land or to enjoin a railroad company from using it until just compensation is made. 51 Ark. 271. Appellee and those under whom he claims have been in actual adverse pos-

session of the lands for 17 years, and the warranty deeds given by Key, appellant's grantee, and subsequent grantors did not contain the reservation, and were recorded, and notice to appellant. C. & M. Digest, § 1536. 99 Ark. 446, cited by appellant, has no application to the facts of this case. Land includes not only the soil but everything above and below the surface, whether attached by nature or the hand of man. 67 Neb. 325, 93 N. W. 781, 60 L. R. A. 889; 225 Mo. 414, 125 S. W. 486. Coal and minerals in place, oil and natural gas. 59 Atl. 991; 44 S. E. 533. 86 S. W. 740; 98 Tex. 597; 60 L. R. A. 986; 82 Pac. 317; 147 Cal. 659. Title to wild or unimproved land can be confirmed and title granted by proceeding under the statute. C. & M. Digest, §§ 8362, 8363. Payment of taxes under color of title for 7 years constitutes *prima facie* title. C. & M. Digest, § 8368. *Prima facie* title. 124 N. W. 853; 94 S. W. 869; 73 Atl. 827; 197 Mo. 319; 152 Fed. 192; 12 L. R. A. 199. Appellee and his grantors have been in the continuous and peaceable possession of, and paying taxes on, the lands for more than 7 years. Appellant's claim is barred by laches. 3 Bro. C. C. 640; 148 U. S. 370; 75 Ark. 312; 110 Ark. 24; 105 Ark. 663; 101 Ark. 230; 83 Ark. 385; 103 Ark. 251, 58; 81 Ark. 296; 95 Ark. 178. Reservation void as against public policy. 66 Ark. 190; 19 Ark. 16; 75 Ark. 40.

McCULLOCH, C. J. The principal question involved in this case is the same as that decided in the case of *Bodcaw Lumber Co.* v. *Goode, ante,* p. 48, concerning the separate sale and conveyance of land excepting mineral rights. There is, however, in the present case an additional question to be decided with reference to the effect of the statute of limitations in bar of excepted mineral rights.

Appellant owned the land involved, and conveyed it on April 1, 1905, by warranty deed, to one Key, the deed containing in the granting clause an exception in the following language:

"Reserving, however, all coal, oil and mineral deposits in and upon said lands, and the right of said party of the first part, its successors and assigns, at any and all times to enter on said lands and to mine and remove any and all coal, oil and mineral deposits found thereon or thereunder, without any claims for damages by the party of the second part, his heirs or assigns."

Key conveyed to one Stark, by warranty deed dated January 23, 1904, and appellee holds under mesne conveyances, the deed from his immediate grantor having been executed to him in the year 1915, there being no exception of mineral rights in any of the deeds subsequent to that of appellant to Key.

This action was instituted by appellee against appellant in the chancery court on July 7, 1922, to cancel the exception in the deed from appellant Key and to quiet his title as against any rights asserted under the exception. Appellee pleaded the bar of the statute of limitations as against the assertion of those rights, and the chancery court decided the case in his favor, giving him the relief prayed for in the complaint.

The cause was heard on an agreed statement of facts to the effect that neither party had taken any steps to develop minerals, that appellant had "exercised no acts of ownership, paid no taxes" since the execution of said deed to Key, and that "the possession of appellee and those under whom he holds has been continuous and peaceable, and that the land had been under fence and in cultivation for more than seven years, and that said possession would be adverse to appellant but for the reservation in said deed."

The additional question in this case relates to the fact that Key conveyed to Stark, appellee's remote grantor, about a year prior to the deed of appellant to Key. No explanation appears either in the pleadings or proof why Key conveyed to Stark before he received his deed from appellant. Nor is there any showing that either Key or Stark claimed any title independent of the

conveyance from appellant. There being no proof of any independent claim, the presumption must be indulged that Key and all the subsequent grantees held under the title conveyed by appellant and in subordination thereto, unless it be shown that Stark held adversely under an independent claim prior to the deed of Key to him. Key's after-acquired title under the deed from appellant inured to the benefit of Stark and all subsequent grantees, by virtue of the statute. Crawford and Moses' Digest, § 1498.

It follows therefore that adverse occupancy of the surface of the land did not put the statute of limitations into operation as against the retained mineral rights of appellant. *Bodcaw Lumber Co. v. Goode, supra.*

The conveyance from appellant to Key was, by operation of the statute, in the line of appellee's title, and he was bound to take notice of it, notwithstanding the fact that it was executed prior to the deed from Key to Stark. Appellee had no other chain of title, and he is presumed to have held under it, unless he shows adverse occupancy independent of that chain of title.

We find one authority holding that "if the occupant of the surface claims under a deed which purports to convey a complete title to the entire property, his possession should be characterized by the terms of the instrument under which he holds, and he should be deemed to be asserting dominion over the whole." *Crowe Coal & Min. Co. v. Atkinson,* 85 Kas. 357, Ann. Cas. 1912-D 1196. But the other authorities are practically unanimous against this rule.

It follows that the decree in appellee's favor is erroneous, and it is therefore reversed, and the cause is remanded, with directions to dismiss the complaint for want of equity.