**Elizabeth A. SELIG, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 81–2102.**

United States District Court,
W. D. Arkansas,
Fort Smith Division.

May 13, 1982.

---

William M. Cromwell, Rose, Kinsey & Cromwell, Fort Smith, Ark., for plaintiff.

J. Michael Fitzhugh, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

### Introduction

Plaintiff instituted this action in the Chancery Court of Sebastian County, Arkansas, on June 1, 1981, seeking to confirm title in her to the mineral rights in an 80-acre tract, designated Fort Chaffee Tract No. 155. Plaintiff contends that the compensation paid for the land in 1941 did not include compensation for the minerals and therefore plaintiff was deprived of due process of law.

The action was removed, pursuant to 28 U.S.C. §§ 1441 and 1446, to this Court. The defendant, United States of America, answered to the complaint, raising the defenses of failure to state a claim, *res judicata*, and the statute of limitations.

On April 23, 1982, the United States moved to dismiss the complaint. The Court interprets this motion as one under Rule 12(c), Federal Rules of Civil Procedure, for judgment on the pleadings. Plaintiff has timely responded.

### Findings of Fact

1. Plaintiff instituted this action on June 1, 1981, in the Chancery Court of Sebastian County, Arkansas.

2. The tract to which plaintiff makes claim was included in Declaration of Taking No. 4, filed November 15, 1941, in Civil Action No. 217 in the Western District of Arkansas.

3. The Declaration of Taking recites that a full fee simple title, subject only to easements for pipelines, roads, and public

utilities, was taken. Compensation was paid therefore in the sum of $1,965.00.

4. Judgment on Stipulation entered January 10, 1942, declares that the present plaintiff agreed that judgment should be entered wholly divesting her of title to the tract, vesting unencumbered (except as noted in # 3 above) title in the United States.

5. Just compensation was paid the plaintiff for the taking. The parties intended to transfer a fee simple absolute interest to the United States.

6. The same parties and the same issues are presented by plaintiff's complaint as were decided in the prior action.

7. There is not the slightest doubt that no genuine issue of fact is presented as to the ownership of the tract of land involved in this action.

### Discussion

At the outset it is noted that plaintiff failed to comply with Rule 20 of the rules of the United States District Courts for the Eastern and Western Districts of Arkansas, which requires that "[a]ll motions . . . shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law . . ." "[A]ny party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities." See local rule 20(a) and (b). Nonetheless, the Court will decide the issues raised.

Tract No. 155 was included in the Declaration of Taking No. 4, filed November 15, 1941, in Civil Action No. 217 in the United States District Court for the Western District of Arkansas, Fort Smith Division. Judgment on Stipulation entered January 10, 1942 recites that the current plaintiff and her husband agreed that judgment could be entered divesting them of any and all right, title, and interest in the tract, vesting fee simple title thereto in the United States.

Plaintiff asserts that the compensation paid, $1,965.00, did not include compensation for the minerals. The United States argues that it did.

■ It is fundamental that a fee simple estate includes not only the land surface, but that beneath the surface. *Bodcaw Lbr. Co. v. Goode*, 160 Ark. 48, 254 S.W. 345 (1923); *Grayson McCleod Lbr. Co. v. Duke*, 160 Ark. 76, 254 S.W. 350 (1923); *Jones v. Brown*, 211 Ark. 164, 199 S.W.2d 973 (1947).

Further, 40 U.S.C. § 258a provides:

Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America. . . .

Thus, if any estate less than a fee simple absolute is taken, the lesser estate or interest must be specified. The estate taken by the United States was "the full fee simple title thereto, subject, however, to existing rights for easements for pipe lines, public roads and highways, railroads and public utilities therein." Declaration of Taking, p. 2.

■ Where an action is brought pursuant to 28 U.S.C. § 2409a, seemingly the most appropriate jurisdictional authority for this action, it is barred after twelve years from the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States. 28 U.S.C. § 2409a(f).

Therefore, plaintiffs claim is at least nineteen years too late.

■ And finally, as a judgment on the Declaration of Taking was duly made and entered on November 15, 1941, adjudication of title to the land and minerals is barred by the doctrine of *res judicata.* The same issue, i.e. title to what and in whom, was litigated pursuant to stipulation between the parties in 1941.

Thus, the importance of local rule 20. Plaintiff asserts that the statute of limitations contained in 28 U.S.C. § 2409a(f) is not applicable, but does not state why. Plaintiff fails to note any exception to the

*res judicata* doctrine applicable to the present facts.

It appears to the Court that if 28 U.S.C. § 2409a is not applicable, some shorter statute of limitation would be applicable.

However, even if this Court were not precluded from adjudicating the merits of the action, as a matter of law the United States is entitled to judgment. No material facts are in dispute. At least, if so, plaintiff has failed to note them.

The only disputed facts appearing on the face of the pleadings concern whether the United States compensated plaintiff for the minerals. However, as noted, 40 U.S.C. § 258a and *Jones v. Brown, supra,* show that this is, and must be, the case.

Considering the facts presented in the light most favorable to plaintiff, the Court is convinced that no material issue of fact subject to genuine dispute exists, and that defendant is entitled to judgment as a matter of law. See *Roemhild v. Jones,* 239 F.2d 492 (8th Cir. 1957).

### Conclusions of Law

1. The Court has jurisdiction of the parties and the subject-matter. 28 U.S.C. §§ 1441, 1446, 2409a.

2. A fee simple estate in land includes not only the land surface but that beneath the surface. *Jones v. Brown,* supra.

3. When land is taken pursuant to a Declaration of Taking, the land is taken in fee simple absolute unless otherwise specified in the declaration. 40 U.S.C. § 258a.

4. An action maintained under 28 U.S.C. § 2409a is barred after twelve years from the date the plaintiff knew or should have known of the claim of the United States. 28 U.S.C. § 2409a(f).

5. Where the identical issue of ownership of land has been previously litigated pursuant to stipulation of the parties, and the identical parties have appeared in the prior action, the doctrine of *res judicata* bars subsequent relitigation of those issues previously determined.

6. Where no material facts are genuinely disputed, and a party is entitled to judgment as a matter of law, a motion for judgment on the pleadings is proper. *Roemhild v. Jones,* 239 F.2d 492 (8th Cir. 1957).

7. Even were this Court free to relitigate the issue raised by plaintiff in her complaint, the defendant would nonetheless be entitled to judgment as a matter of law.

8. The entire fee simple absolute title to the land and the minerals beneath is in the defendant.

9. Plaintiff has not been denied "just compensation" for the taking.

In accordance with the above, defendant is entitled to judgment on its motion. A judgment in accordance herewith will be concurrently entered.