McCann v. Merriam,

Maria T. McCann, Appellee, v. Selden N. Merriam, Appellant.

11 241
11 511
16 201
11 241
59 428

1. **Land Road Tax.** Under the constitution of 1875, a land road tax levied without regard to valuation, and at the rate of four dollars per quarter section, is void.

2. ———: Tax sale. A sale of land for the taxes of 1876 was made in March, 1878, under the revenue act of Feb. 15th, 1869. The deed to the purchaser was made by the treasurer in March, 1880, according to the provisions of the revenue act of 1879. *Held,* That the force of the tax deed and the validity of the sale were to be tested by the act in force when the sale was made. And, *held further,* that including a void tax in the amount for which the land was sold was sufficient to avoid the deed.

Appeal from a decree entered in the district court of Otoe county, rendered by Pound, J., sustaining an action by appellee to cancel a tax deed issued according to the form and pursuant to the laws of 1879, (pp. 327, 333), for the taxes of 1876, including among others a road tax of four dollars per quarter section.

*E. F. Warren,* for appellant. Even if the road tax was illegal, it could not defeat the tax deed or render the sale invalid. Laws 1879, sec. 142, p. 334. To defeat the tax title, it should have been shown either that the property was not subject to taxation for the year or years named in the deed; that the taxes had been paid before the sale; that the property had been redeemed from sale according to law; or that there had been an entire omission to list or assess the property, or to levy the taxes, or to sell the property. Laws 1879, sec. 130, p. 329. The legislature had power to enact the law of 1879. *Pillan v. Roberts,* 13 How., 472. *Williams v. Kirtland,* 13 Wal., 306. *Orano v. Veazie,* 57 Me., 517. *Johnson v. Elwood,* 53 N. Y., 435. *Cook v. Hackelman,* 45 Mo., 317. *Hoffman v. Bell,* 61 Pa. St.,

18

444. *Whitney v. Marshall,* 17 Wis., 174. *Wright v. Dunham,* 13 Mich., 414. *Stanberry v. Sillon,* 13 Ohio St., 571. *Rima v. Cowan,* 31 Ia., 125. *Clark v. Thompson,* 37 Ia., 536. Cooley on Tax, pp. 455, 356, and notes.

*M. L. Hayward,* for appellee. Tax deeds are governed by the laws in force at the time of sale. *Nelson v. Roundtree,* 23 Wis., 369. *Smith v. Cleveland,* 17 Wis., 556. *State v. Mantz,* 62 Mo., 258. Where a tax or a portion is originally void, the legislature cannot breathe vitality into it. Cooley on Taxation, 227, 243. *Dean v. Charlton,* 23 Wis., 590. *Silsbee v. Stockle,* 7 N. W. Rep., 160. *Abbott v. Lindenbower,* 42 Mo., 162.

LAKE, J.

It was proved on the trial, and the fact is conceded by counsel for the appellant, that in the amount for which the land was sold by the treasurer there was included a road tax for the year 1876, levied without regard to valuation and at the arbitrary rate of four dollars per quarter section. As we have heretofore held, such a levy, under the constitution of 1875, is void. *Dundy v. Richardson County,* 8 Neb., 508. It is contended, however, on this point, that notwithstanding the inclusion of this void tax, inasmuch as the deed was made under and in pursuance of the revenue act of 1879, its force is not to be at all impaired on that ground.

This, we think, is claiming more for this act than is warranted by its terms. In sec. 129 the six preceding sections are specially mentioned as being applicable to sales theretofore made. Comp. Stat., 424. This special reference to these six sections precludes the idea that other portions of the act should have such application. This, without more, would leave the force of the tax deed and validity of the sale to be tested by the act in force when the sale was made—that of Feb.

15th, 1869. Whatever the rule may be under the present act, we have no doubt that under that of 1869 such total invalidity of the tax, or a portion thereof, may be shown to avoid the deed, and thus defeat the title of the purchaser at tax sale. We see nothing in the record which calls for any change in the judgment, and it is affirmed.

JUDGMENT AFFIRMED.