THE CITY RAILWAY COMPANY V. MARY E. CHES-
NEY, *et al.*

1. AFFIDAVIT *under Sec. 108 of Tax Law.* The affidavit of the publication of notice of tax sales required by §108, ch. 107, Comp. Laws of 1879, to be made and returned by the printer, is *prima facie* evidence for or against the tax deed of the time and manner in which the notice of sale was published.

2. TAX-SALE NOTICE; *Affidavit of Publication.* Although a tax deed be regular in form, and therefore *prima facie* evidence of the regularity of all prior proceedings, including the publication of notice of sale, yet when the affidavit required by said §108 shows an insufficient publication, it will be presumed in the absence of other testimony that the publication was made only as shown in such affidavit, and the *prima facie* evidence furnished by the deed is overthrown.

### *Error from Shawnee District Court.*

ACTION in the nature of ejectment, brought by *Jesse C Chesney* against Joab Mulvane and the *City Railway Company*, to recover the possession of lots 82, 84 and 86, on Tenth avenue east, in the city of Topeka. Afterward, the death of the plaintiff was suggested, and the action was revived in the names of Mary E. Chesney, widow, and of the children of the deceased. Defendant Mulvane entered his written disclaimer of interest in the lots in question. The defendant *Railway Company* claimed title to the lots by virtue of two tax deeds. Trial August 5, 1882, and judgment for plaintiffs. The defendant company brings the case to this court. Other facts appear in the opinion.

*Case & Moss,* and *Waters & Ensminger,* for plaintiff in error.
*C. M. Foster,* and *R. E. Heller,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The single question of the case is as to the validity of two tax deeds. Their validity is challenged on the ground of an alleged defect in the publications of the

notices of sale. The affidavits of publication required to be made and returned by the printer were introduced in evidence, and are as follows:

[For the year 1875.]

"State of Kansas, County of Shawnee, ss.: J. W. Wilson, being duly sworn, says that he is one of the publishers of the Topeka *Times*, a newspaper printed and published at the city of Topeka, county of Shawnee, state of Kansas, and that the printed notice, hereto annexed, was published in said Topeka *Times* for four consecutive weeks — the first publication being on the 17th of July, the second publication being on the 24th day of July, the third publication being on the 6th day of August, the fourth publication being on the 13th day of August, the fifth publication being on the 20th day of August—all in the year 1875; and further he saith not."

[For the year 1876.]

"State of Kansas, County of Shawnee, ss.: N. R. Baker, being duly sworn, deposes and says that he is one of the publishers, and book-keeper of the *Commonwealth*, a weekly newspaper of general circulation in Shawnee county, Kansas, and which is published in Topeka, in said county and state. He further shows that the paper annexed is the same *Commonwealth*, and that the delinquent tax list published therein was published in said paper, the first time on the 20th day of July, 1876; the second time on the 27th day of July, 1876; the third time on the 3d day of August, 1876; the fourth time on the 17th day of August, 1876; and the fifth time on the 24th day of August, 1876."

The defendant further read in evidence the affidavit of the treasurer of Shawnee county, in which he swore that the notice of sale and sale list of delinquent lands for the taxes of 1875, to which his affidavit was attached, and including the lands in controversy, was printed in the *Weekly Commonwealth* the number of times required by law, and that he posted a copy of such list and notice in a conspicuous place in his office; and also the affidavit of the treasurer of Shawnee county, that he caused to be posted in a conspicuous place in his office a copy of the delinquent tax list, and notice attached, of lands delinquent for the year 1874, and including the land in controversy, and being list and notice of sale for 1874, as

the law directs; but did not give in either of said affidavits the particular issues of the paper when published.

This was all the testimony offered in the case. Upon this the district court held the tax deeds invalid. That the notice of sale is a vital matter in tax-sale proceedings, is unquestioned. (*Corbin v. Young*, 24 Kas. 198.) That a tax deed, though regular in form, is only *prima facie* evidence of the regularity of prior proceedings, and may be overthrown by evidence that these proceedings were in fact defective, is also beyond dispute. (*Williams v. Kirkman*, 13 Wall. 306; *Taylor v. Miles*, 5 Kas. 510.) It is also clear that the affidavit of publication required by § 108, ch. 107, Comp. Laws of 1879, is *prima facie* evidence both for and against the tax deed as to the notice which was in fact published, as well as to the time and manner of such publication.

Now turning to these two affidavits, the first states that the notice was published for four consecutive weeks, but follows such general statement with the particular days upon which said publication was made, giving the second publication as on the 24th of July, and the third on the 6th day of August, and showing no publication on the 31st of July. The other affidavit, containing no statement of publication for four consecutive weeks, gives only the respective dates of publication, making the third on the 3d day of August, and the fourth on the 17th, omitting the 10th.

Now as these affidavits are evidence of the time and manner of publication, they each show an omission of one week in the continuous and consecutive publication required by statute. The affidavits of the treasurer throw no light upon the question. They simply indicate the number of publications, but do not state when they were made, or that they were on consecutive weeks. Doubtless these affidavits are not conclusive upon the question, and it might be shown by other testimony that the publications were in fact made for four consecutive weeks. But still this is *prima facie* evidence, and in the absence of other testimony shows just when and how often the publication was made.

But it is argued that the deed is *prima facie* evidence of the regularity of all prior proceedings, including therein the publication of the notices of sale; that these affidavits do not show affirmatively that notice was not published for four consecutive weeks, and that therefore the positive evidence of the deed overpowers the negative evidence of the affidavits. This argument is not sound, for where the statute requires the making of a record, the preservation of the proof of any act, and such proof is preserved, we have a right to assume that the act was done in the way it is stated in such proof, and only in such way. (*O'Driscoll v. Soper*, 19 Kas. 574; *Mickel v. Hicks*, 19 Kas. 578.) So that the manner in which an act is done, as shown by the county records required to be made and kept by statute, will be presumed to be the only way in which the act was done. At least this will be the rule in the absence of affirmative and positive testimony to the contrary.

We think therefore that the court properly held the notices of sale defectively published, and the tax deeds invalid. (See also *Morrill v. Douglass*, 17 Kas. 291.)

The judgment will be affirmed.

All the Justices concurring.