16  199
21  185

HENRY BALDWIN, APPELLEE, V. SELDEN N. MERRIAM, APPELLANT.

1. **Taxes:** TAX DEED. Under the revenue law of 1869 a tax deed that fails to show that the sale was made at the place designated by law is invalid.

2. ———: ———. The treasurer of a county has no authority to issue a second deed upon a canceled certificate in the clerk's office.

3. ———: ———: SEAL. A tax deed must be attested by the official seal of the treasurer.

4. ———: ———: SALE: FORM OF DEED. A tax deed and the validity of the sale are to be tested by the law in force when the sale took place.

5. ———: ———: LIMITATION. The statute of limitations does not begin to run in favor of the holder of a tax deed by merely recording the same. To avail himself of the benefits of the statute his possession must be actual and adverse and continued for the statutory period.

APPEAL from Cass county. Heard below before POUND, J.

*Covell & Ransom,* for appellant.

*Smith & Beeson,* for appellee.

MAXWELL, J.

This action was brought in the district court of Cass county to cancel certain tax deeds and quiet title. On the trial of the cause the court found that the tax deeds were invalid and canceled the same as a cloud on the plaintiff's title, and found that there was due the defendant for taxes paid on the land in question, with interest, the sum of $355.83, which was a lien on said premises, each party to pay one-half of the costs of the action. The defendant appeals.

All of the questions presented have been decided by this court in several cases, but will be briefly reviewed.

1.   In September, 1873, the defendant procured a tax deed for the land in controversy for the taxes due thereon for the year 1870.   Without stopping to enquire as to the manner of assessment—upon which a very large amount of testimony was taken—we find the tax deed invalid for two reasons, which appear on its face, viz., the failure to recite the place of sale and want of the official seal of the treasurer. *Reed v. Merriam*, 15 Neb., 323.   *Towle v. Holt*, 14 Neb., 221.   *Howard v. Lamaster*, 11 Id., 582.   *Haller v. Blaco*, 10 Id., 36.

The defendant was aware of these defects, and in 1878 had a second tax deed executed, which is void for want of authority in the treasurer to execute such second deed. *Reed v. Merriam*, 15 Neb., 323.   *Thompson v. Merriam*, 15 Neb., 498.   The same objections apply to the deed made in 1874.

2.   On the 12th of January, 1878, the defendant procured from the treasurer of said county a tax deed for the lands in question for the taxes due thereon for 1875.   This deed is open to the same objection as that in *Sullivan v. Merriam, ante*, p. 157, the failure to describe the land conveyed and the want of a seal.   To cure these defects, the defendant on the next day procured a deed in proper form, which not being issued on the presentation of the certificate of purchase was issued without authority of law, and the seal is a mere scroll and not the official seal.   These deeds, therefore, are invalid.

The deed executed in March, 1882, for a sale of the land on the 19th day of November, 1879, for delinquent taxes fails to recite the place of sale.   The revenue law of 1879 does not in any manner affect the collection of taxes prior to the time the revenue act of that year took effect. *Hamilton County v. Bailey*, 12 Neb., 56.   In other words, the proceedings in regard to taxes previously levied will

be the same as if the revenue law of 1879 had not been passed. The force of a tax deed and the validity of the sale for taxes are to be tested by the revenue law in force when the sale was made. *McCann v. Merriam*, 11 Neb., 241. *Covell v. Young*, Id., 511. The tax deed, therefore, should be in the form prescribed by the act of 1869. As this deed fails to recite the necessary facts to show a valid sale the decree of the court holding it to be invalid is not erroneous.

There seems to be no error in the proceedings, however, leading up to the deed, and the defendant is entitled to the highest rate of interest allowed by law up to the expiration of the time to redeem.

Considerable stress is laid by the attorneys for the defendant on the statute of limitations, it being claimed that the action is barred in three years from the time of recording the tax deed. Even if the deeds had been valid on their face the statute would not commence to run in favor of the holder until he took possession. A party in actual possession of real estate cannot be ousted from such possession or his title divested by merely recording a tax deed of which he may not be aware and under which nothing is claimed. If a party claims under a tax deed and invokes the aid of the special statute of limitations he must bring himself within the rule as to adverse possession.

Objection is made that the costs of a continuance obtained by the plaintiff were not taxed to him as required by the order of the court. These costs appear to be properly chargeable to him, and the clerk will be directed to so tax them. The decree of the court below will be modified as directed in this opinion, and thus modified is affirmed.

DECREE ACCORDINGLY.

THE other judges concur.