## DAWSON v. ANDERSON.

No. 2564. Opinion Filed May 20, 1913.

(132 Pac. 666.)

1. TAXATION—Tax Deed—Setting Aside—Notice of Expiration of Redemption Period. The holder of a certificate of purchase issued at a tax sale of real estate not having caused a written notice signed by him to be served upon the owner of the land in the county wherein such sale took place, and, also, on the person in possession of said land (if the same be occupied), such notice stating the sale of the said lands and notifying such person that, unless redemption is made from such sale within 60 days after the service of such notice, a tax deed will be demanded and issued by the county treasurer, said deed will be set aside on proper application of the owner of said land, he having tendered the accrued taxes, penalties, interest, fees, etc.

(a) Where the owner is a nonresident of the territory (state) and cannot be found in the county where such real estate is located, and the service is not made by publication for three weeks in some newspaper published at the county seat of the county in which said lands are situated, said tax deed will be set aside and canceled on proper application of the

owner of the land; he having tendered the amount of the accrued taxes, penalties, interest, fees, etc.

2.    SAME—Tax Sales—Service of Notice of Redemption—Tax Deed —Effect as Evidence—Rebuttal. Although a tax deed be regular and formal, and therefore prima facie evidence of the regularity of all prior proceedings, including the publication of notice of sale, yet, when the return of the sheriff as to service on the owner and the person in possession shows an insufficient service, it will be presumed, in the absence of other testimony, that the service was made only as shown in such return, and the prima facie evidence furnished by the deed is overthrown.

(a)    In matters pertaining to tax sales, statutes prescribing the manner of service of notice and the issuance of tax deeds thereunder are mandatory and not directory.

(Syllabus by the Court.)

*Error from District Court, Jackson County;*
*J. T. Johnson, Judge.*

Action by J. F. Anderson against W. D. Dawson. Judgment for plaintiff, and defendant brings error. Affirmed.

*Eagin & Eagin,* for plaintiff in error.
*Hays, Carpenter & Hughes* and *J. E. Terral,* for defendant in error.

WILLIAMS, J. The defendant in error, as plaintiff, commenced an action against the plaintiff in error, as defendant, to have a certain tax deed canceled, making tender of the full amount of the taxes, penalties, fees, costs and interest chargeable against the land covered by said deed. Issues having been joined, the case was tried to the court without a jury, and judgment rendered in favor of the plaintiff.

The only question essential for determination is: Did the defendant, as a condition precedent to the issuance of the tax deed by the treasurer of Jackson county, fail to have proper notice served?

Section 1, art. 4, c. 28, p. 234, Session Laws of Oklahoma Territory 1903, provides:

"Before any holder of a certificate of purchase issued at any tax sale of real estate shall be entitled to a deed, as

provided in section No. 5666 of the statutes of 1893, he shall cause a written notice signed by him to be served upon the owner of the land in the county wherein said sale took place and also upon the person in possession of the said land (if the same be occupied) which notice shall recite the sale of the said lands specifying the date of such sale, and notifying such persons that unless redemption is made from such sale within sixty days after the date of the service of such notice, a tax deed will be demanded and will issue as provided by law. In case either of the persons to be notified, as hereinbefore provided, shall be a nonresident of the territory of Oklahoma, or cannot be found in the county where such real estate is located, the service shall be made by publication for three weeks in some newspaper published at the county seat of the county in which said lands are situated, and the said sixty days shall begin to run from the date of the first publication thereof. Until the expiration of the said sixty days, redemption may be made by any person authorized by law to redeem. Service and return shall be made in the manner as that of summons under the act of civil procedure in the courts of record. The notice, with the tax sale certificate, after being duly served or published, or both, shall be returned and filed in the office of the county clerk, who shall make notation of its date and the date of service on the delinquent sale record, and the fees for such service and publication, shall be the same as for like service of summons, and shall be added to the amount necessary to redeem such sales. The notice herein provided for may be served at any time after a date not exceeding sixty days prior to the expiration of two years subsequent to the day of sale."

The only notice desclosed by the record shows service in words and figures as follows:

"This notice came into my hands this 27th day of Dec., 1908, and I certify that I served the same on the within named agent by delivering him a true copy served on the 7 day of Jan., 1909. Geo. C. Hensley, Sheriff, .S. L. Richardson, Deputy."

Neither the name nor the identity of the alleged agent appears in the record.

It will at least be presumed, in the absence of other testimony, that the notice of the tax sale certificate served

or published, or both, and returned and filed in the office of the county clerk, was the only notice served. *City Ry. Co. v. Chesney,* 30 Kan. 199, 1 Pac. 520. Statutes relating to tax sales, prescribing the manner of the service of notices, are mandatory. *Wilson v. McCornack,* 10 Okla. 180, 61 Pac. 1068; *Sanford v. Edwards,* 19 Mont. 56, 47 Pac. 212, 61 Am. St. Rep. 482, and authorities therein cited; *Harris v. Sargeant,* 37 Ore. 41, 60 Pac. 608; *French v. Ajax Oil & Development Co.,* 44 Wash. 305, 87 Pac. 359.

The judgment of the lower court must be affirmed.

HAYES, C. J., and KANE and TURNER, JJ., concur; DUNN, J., absent.