## LIND v. STUBBLEFIELD.

No. 18191. Opinion Filed March 26, 1929.

Rehearing Denied Oct. 8, 1929.

Twyford & Smith and Leo G. Mann, for plaintiff in error.

Anglin & Stevenson and Forrest M. Darrough, for defendant in error.

HALL, C. This was an action by Johnnie Stubblefield, defendant in error and plaintiff in the court below, against F. M. Lind, defendant and plaintiff in error herein, to quiet title and cancel a certain tax deed which defendant had obtained and placed on plaintiff's land. This appeal is from an order overruling defendant's demurrer to the petition, and judgment rendered on the petition.

The plaintiff alleged that at all times since the land was allotted to him, he had been the owner of the premises and in possession thereof. He alleged that the purported tax deed was void and voidable on several distinct grounds: (1) That the land was not properly listed for taxes; (2) was not properly advertised for sale for taxes as provided by law; (3) that no sufficient notice of the delinquent tax sale was given; (4) **that no notice was given him by the defendant, of his intention to demand a tax deed;** and (5) that the land was sold while plaintiff was a minor, and that 18 per cent. interest had been charged instead of the lower statutory rate.

The plaintiff did not commence his action to quiet title and cancel this tax deed within one year after the recordation of the tax deed. To be correct, the plaintiff filed his action before the expiration of one year, but on failing to get service upon the defendant, he did not obtain constructive service of process within 60 days after the supposed statute of limitations had run, as provided in section 187, Comp. Stat. 1921.

The defendant interposed a demurrer to the petition, which demurrer was overruled. The defendant elected to stand on his demurrer, and judgment was rendered canceling the tax deed and quieting the title to the property in plaintiff and against the defendant.

Plaintiff in error rests his case upon two propositions: First, he contends that plaintiff's cause of action was barred by the short statute of limitations, section 9753, Comp. Stat. 1921, which provides a one-year statute of limitations for bringing actions to obtain possession of real estate sold for taxes, or for the avoidance of the tax deed. Second, that the tender made by plaintiff in his petition was insufficient and that his petition was demurrable on that ground.

The plaintiff tendered by a recital in his petition all taxes, interest and penalties thereon incurred by defendant upon the cancellation of the tax deed and quieting his title. There were no reservations in this tender and we deem and consider the language of the tender sufficient even in a case where a tender was required. But in this case, and in all cases where a tax deed is void, a tender of the amount of taxes, interest, penalties, etc., paid by the defendant is unnecessary. This court has passed on that question too many times to require a citation of authorities. The allegations in the petition are to the effect that the tax deed

is void. Upon a demurrer we must accept those allegations as true.

The other proposition—that plaintiff's cause of action is barred by the running of the statute of limitations—is without merit for two reasons: First, plaintiff alleged in his petition, at least one jurisdictional defect, to wit, the failure of the tax certificate holder to give notice to the owner of the premises of the intention to demand a tax deed.

In this connection, counsel for defendant contends that a tax deed under our statutes is void **only** under **any one** of the following conditions:

"(1) If the land was not taxable. (2) If the tax had been paid. (3) If no sale of any kind had ever been held. (4) If the deed shows upon its face that the treasurer was without any power to make the sale."

The above statement is good in so far as it goes, and is an admission much beyond the ordinary admission of a person defending a tax title.

A tax deed that is absolutely void either on its face, or absolutely void otherwise, does not cut off the rights of the original owner of the land to litigate its validity, when such action is commenced more than one year after the deed is recorded, even though the tax title purchaser has been in possession of the premises during the entire period of time covered by the deed. A deed is void so as to prevent the operation of the short statute of limitations, when there is a fundamental or jurisdictional defect in the proceedings, either disclosed on the face of the deed or upon the records of the proceedings. This matter is fully set forth in 37 Cyc. pp. 1508-1509, as to what matters are not cured by the statute. The text is as follows:

"Defects Cured by Limitations—(A) In General. After a title has been held under a tax deed for the prescribed length of time, all irregularities, informalities, and defects of form are cured, and thereafter no questions can be raised as to the validity of the tax proceedings, **except those which** concern the power and jurisdiction of the **taxing officers, or go to the very groundwork of the proceedings,** and those which concern the fraud or misconduct of the parties. **If the requisite notice of the expiration of the time allowed for redemption is not given, or is given to the wrong person, or is radically insufficient, this fault will not be cured by the statute,** although it is otherwise as to a mere defect in the proof of service of such notice." (Emphasis ours.)

Ruling Case Law, vol. 26, pp. 443-444,

states the rule in very comprehensive language as follows:

"A majority of the courts in which the question has arisen have taken the further position that a short statute of limitations applies only to sales invalid because of mere technical defects and irregularities in the proceedings, and that possession under such a statute will not sustain a deed that is valid on its face, if there were jurisdictional or fundamental defects in the sale which rendered the proceedings absolutely void, or where the land was not subject to taxation, or where the assessment itself was void, or where there had not been any sale, or the collector had no authority to sell the land. So, also, it is generally held that the purchaser does not acquire title under such a statute if the taxes for which the property was sold had in fact been paid, or if the land has been redeemed from the sale, or if there is a material variance in the description in the deed and that in the assessment list."

In the present case the plaintiff alleged a failure of notice; that is, a failure to give the owner the written notice provided by section 9749, Comp. Stat. 1921. Notice in this connection is analogous to process in the courts; and it is well known that a judgment, even so solemn a document as it is, is absolutely void unless the defendant has been served with process, with personal service, or some substituted service provided by law. Otherwise, he is deprived of his property without due process of law. And a judgment is equally as void where it recites on its face that the defendant has been served with regular process, as any other void judgment, **when the judgment roll or the proceedings disclose that the defendant has not been served with process.** A judgment of this character is void, absolutely void, and can be stricken down at any time. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

The fact that the deed in the present case recited that proper notice was given did not bolster the title. The invalidity of a tax title or the rights of the owner of land must depend upon a more substantial basis than a mere recital in a deed. If certain vital requirements are lacking in a proceeding, their necessity cannot be removed, and a fundamentally defective title cannot be made a good title by simply drafting a good and proper tax deed.

Apparently until the present case, this question, presenting precisely this state of facts, was never before this court. However, the question of the determination of the validity or invalidity of tax deeds and tax pro-

ceedings in Oklahoma has been often adjudicated. Regarding the particular point under discussion here—the effect of the failure to serve the statutory notice of application for a tax deed—this court has held that a deed obtained under such circumstances is void. Bowen v. Thompson et al., 120 Okla. 5, 249 Pac. 1109. Counsel for defendant (plaintiff in error) contend that in this case and the line of cases illustrated by Jackson v. Turner, 107 Okla. 167, 231 Pac. 290, and Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666, the term "void" was misused, and that the courts intended to use or apply the term "voidable." In Bowen v. Thompson, supra, the court in the first paragraph of the syllabus held that:

"A tax deed issued to the holder of a certificate of purchase at a tax sale of real estate is void where the written notice, as provided by statute, is not served upon the owner of the land in the county where such sale took place, and upon one in possession where same is occupied."

Whether the court intended to use the word "voidable" for the word "void," we cannot definitely determine; but in view of the statute, section 9749, supra, which requires service of the notice of the application for a tax deed to be served in the same manner as summons under the Code of Civil Procedure, and in view of the case of Dawson v. Anderson, supra, holding that:

"In matters pertaining to tax sales, statutes prescribing the manner of service of notice and the issuance of tax deeds thereunder are mandatory and not directory"

—and in view of the undivided authority on the question from other states, the court was unquestionably correct in ascribing to the tax deed the term "void" instead of the term "voidable."

When a proceeding is **void** for one purpose, it is void for all purposes. A **void tax** deed is like a void judgment, which (to use the language of Justice Ramsey, formerly of this court) is but "a dead limb upon the judicial tree, which may be lopped off at any time." Pettis v. Johnston, supra.

A recent case re-announcing the universal rule which we are following in this case, is Wildman v. Enfield, by the Supreme Court of Arkansas, decided October 3, 1927, and reported in 298 S. W. 196. In that case, the rule is stated in the first paragraph of the syllabus as follows:

"Crawford & Moses' Dig. No. 10119, requiring actions to test validity of taxes or proceedings to avoid tax sale to be com-

menced within two years from date of sale, does not apply as to jurisdictional matters or vital defects in proceedings relating to tax sale, but only to irregularities."

We therefore conclude that plaintiff's petition alleged a "void" deed, and not one merely "voidable," and that plaintiff could maintain his action to set aside such deed, regardless of the short statute of limitations.

There is another reason why the demurrer was properly overruled. It must be remembered that the plaintiff alleged possession of the premises. In a well-known text, 37 Cyc. p. 1505, under the subject of "Taxation and Tax Titles," directly on the point at issue, it is said:

"So long as the original owner of land which has been sold for taxes remains in undisturbed possession of it, the statute of limitations does not run against him or prevent the maintenance of a suit to set aside the tax sale or remove the cloud on his title."

The above text is supported by citation of authorities from nearly all the states, among them being the case of Cadman v. Smith, 15 Okla.. 633, 85 Pac. 347.

Regarding the above rule, there is no contrary doctrine—not even a stray case—because such would be contrary to the analogies of the law relating to the rights of property claimed by prescription, and would perhaps offend both the state and federal Constitutions. A recent case supporting the above rule is Electrolytic Copper Co. v. Rambler Consol. Mines Corp. (Wyo.) 243 Pac. 126, in which the court said:

"In Baldwin v. Merriam, supra (16 Neb. 199), the Nebraska court considered a statute like that of Iowa, C. S. Neb. 1881, p. 425, sec. 134. The court said: 'Even if the (tax) deeds had been valid on their face, the statute would not commence to run in favor of the holder until he took possession. A party in actual possession of real estate cannot be ousted from such possession or his title divested by merely recording a tax deed of which he may not be aware and under which nothing is claimed. If a party claims under a tax deed and invokes the aid of the special statute of limitations, he must bring himself within the rule as to adverse possession.'" (Emphasis ours.)

The statute, section 9753 Id., does not attempt to bar the owner of land in possession thereof of his right to question the validity of a tax deed recorded against the premises one year before he brings his action to quiet his title. The statute was designed to force the party out of possession to bring his action for possession within a one-year period or lose his right to do so. The provision in the statute pertaining to the action to avoid the tax deed, either has reference to tax deeds where no one is in actual possession of the premises, or where the remedy is auxiliary to the main relief, ejectment. The statute was loosely drawn, like many statutes of similar nature in other states covering the identical subject-matter. Regarding these statutes, the author of Cooley on Taxation (4th Ed.) vol. 4, p. 2972, says:

"The statutes to this effect have not always been couched in the ordinary terms of statutes of limitations; they have not been simply statutes limiting a time for the bringing of suits after cause of action has accrued, but if literally interpreted they have seemed to fix a time after the lapse of which, irrespective of possession or other circumstances, the tax title should be deemed legal and not be open to question. This feature of such statutes has raised serious doubts whether the Legislature in adopting it has not exceeded its constitutional power."

The same author, at page 2973, Id., in speaking of the cases in which the owner of the original title remains in possession after the tax sale, which he designates as the first class of cases, says:

"In the first class of cases it would be manifest and most gross injustice to make lapse of time alone extinguish the title of the original owner. Being in the full possession of his rights, it is the adverse claimant and not himself who seems to be negligent in not bringing suit. And it is not surprising that, under such circumstances, question should be made whether it is competent to limit a period at the expiration of which the tax title shall become a perfect title and not open to controversy or dispute."

As against the contention of counsel for plaintiff in error, the Supreme Court of Michigan, in the case of Groesbeck v. Seeley, 13 Mich. 329, held that:

"One who is in the actual or constructive possession of property is under no obligation, nor can he be compelled to take measures against an opposing claimant; and a law depriving him of the right of property in such a case is in no sense a limitation law, but an unlawful confiscation."

In other words, to give the statute the construction contended for by defendant would be depriving plaintiff of his property without due process of law. On this point the Supreme Court of Oregon, in the case of Martin v. White et al., 100 Pac. 290, citing Blackwell on Tax Titles, sec. 944, said:

"When the tax proceeding is void and

the tax sale purchaser is not in possession, it is beyond the power of the Legislature to transfer to the purchaser the title of the owner by lapse of time, alone."

In this opinion the court further states that:

"A deed upon a void sale cannot draw to it the constructive possession of unoccupied land."

We find the contention of counsel for plaintiff in error without support by any judicial precedents; and we think their contention is antagonistic to the due process clauses of both the federal and state constitutions; that is, the legislative act was not susceptible of the construction which they place upon it, and were it susceptible of such construction, it would be prohibited by the Constitution. Therefore, plaintiff was in due time in bringing his action to cancel the tax deed and to quiet his title against same. In this connection, it may be mentioned that a cloud upon the title of real estate is a continuing cause of action. A statute designed to bar the bringing of an action to quiet title (if such could be done) certainly could not bar a cause of action to accrue in the future. That point is well illustrated in the case of Secret Valley Land Co. v. Perry et al. (Cal.) 202 Pac. 449, in which it is stated in the fourth paragraph of the syllabus, as follows:

"An outstanding adverse claim, which amounts only to a cloud upon title, is a continuing cause of action, and so long as it lies dormant and inactive, the owner of the superior title is not chargeable with laches if he allows it to stand indefinitely, as each day's assertion of such adverse claim gives a renewed cause of action to quiet title until such action is brought."

There are other questions presented, but their determination is not necessary for a proper disposal of this case. Having reached the conclusion that the demurrer was properly overruled upon the grounds herein discussed, the judgment is hereby affirmed.

TEEHEE, JEFFREY, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.