## FICKEL et al. v. WEBB, Adm'r.

No. 19334. Opinion Filed Sept. 30, 1930.

Rehearing Denied Nov. 11, 1930.

Rizley & Loofbourrow, Blair, Lillard & Eidson, and Magee & Sturdevant, for plaintiffs in error.

Mauntel & Spellman and Dixon & Dixon, for defendant in error.

EAGLETON, C. John Traugott Mirtschin, German born, homesteaded in Beaver county and lived there on the property in a small dugout, or hovel, for some twenty-odd

years. He permitted his taxes to go unpaid, and when urged by his neighbors to pay them to protect his title insisted that he had his title from the government and his land could not be taken from him. He also insisted that, inasmuch as a highway was run across his property, the property was not liable for taxes, for that was the law in Germany. A. Menefee Burnam bought the 1912 tax certificates on his farm, and on February 4, 1916, obtained a tax deed therefor from the county treasurer. On March 24, 1916, he obtained a quitclaim deed to the premises from Mirtschin. In August, 1917, Burnam and wife gave two mortgages thereon, one for $500 and one for $50, to the Pioneer Mortgage Company. On February 23, 1920, he and his wife gave a deed to the premises to Elmer L. Fickel. After Mirtschin died, John W. Webb, administrator of his estate, on March 2, 1922, brought suit to cancel these deeds and mortgages, alleging the tax deed to be void, the quitclaim deed was obtained without consideration, by fraud and undue influence, and that Fickel and the mortgagee took their interests therein with notice of the defects in the title. Defendant mortgage company filed an answer denying the allegations of plaintiff's petition, set up its mortgage for $500 and prayed foreclosure thereof as a first and prior lien on the premises. Defendant Fickel answered, pleading the statute of limitations, a general denial to plaintiff's petition, asserting the validity of the tax deed and alleging that the quitclaim deed from Mirtschin to Burnam was obtained for a valuable consideration without fraud or undue influence; that Burnam agreed to and paid all the back taxes on the real estate as well as the personal taxes charged against Mirtschin and paid the taxes both on the land and Mirtschin's personal taxes subsequently accruing and permitted Mirtschin to remain on the premises and have full use thereof until he died. From an adverse decision the plaintiff appealed the cause to this court and obtained a reversal thereof on the ground that the trial court had failed to permit to be considered on the question of fraud and undue influence any facts other than the consideration which was paid for the quitclaim deed. Webb v. Burnam, 111 Okla. 248, 239 Pac. 653. After the cause was returned to the trial court, a new trial was had to the court on the original pleadings and the evidence as introduced in the first trial. Decree was entered in favor of the plaintiff and against the de-

fendants, canceling the tax deed, the deed from Mirtschin to Burnam, the deeds from Burnam to Fickel, and the mortgages to the Pioneer Mortgage Company. From this judgment Fickel and the Pioneer Mortgage Company appeal.

To sustain this judgment defendant in error Webb insists that the former appeal of this cause necessarily determined (a) that the tax deed was void; (b) that the defendant Pioneer Mortgage Company was not a bona fide purchaser in good faith; (c) that the quitclaim deed from Mirtschin to Burnam was invalid. With these contentions we cannot agree. The only issue there determined, so far as we are concerned with it here, is that the trial court in the first trial committed error in restricting consideration of the proof of fraud and undue influence to the consideration which was paid for the quitclaim deed. The doctrine of "the law of the case" as applied in this state is announced in Missouri, K. & T. Ry. Co. v. City of Tulsa, 113 Okla. 21, 238 Pac. 452:

"No question necessarily involved and decided on its merits, in a former appeal, will be considered on a subsequent appeal in the same case, provided the facts and issues are substantially the same in the later appeal that they were in the former appeal.

"But a rigid application of such doctrine to all cases wherein the merits of the case were determined in the former appeal has not been favorably adhered to by this court, especially where the merits are only incidentally determined in passing upon some interlocutory order."

To the same effect, see Gilbert v. Fast, 145 Okla. 94, 291 Pac. 968.

The reason for the rule as applied in cases which were reversed on the first appeal is well stated in Mutual Life Insurance Co. v. Hill, 193 U. S. 551, 48 L. Ed. 788, in the following language:

"When a case is presented to an appellate court, it is not obliged to consider and decide all the questions then suggested or which may be supposed likely to arise in the further progress of the litigation. If it finds that in one respect an error has been committed so substantial as to require a reversal of the judgment, it may order a reversal without entering into any inquiry or determination of other questions. While, undoubtedly, an affirmance of a judgment is to be considered an adjudication by the appellate court that none of

the claims of error are well founded,—even though all are not specifically referred to in the opinion,—yet no such conclusion follows in case of a reversal. It is impossible to foretell what shape the second trial may take or what questions may then be presented. Hence the rule is that a judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided. An actual decision of any question settles the law in respect thereto for future action in the case."

If the tax deed is valid, the defendant should prevail. But the notice of the sale of the real property for delinquent taxes was not published for three weeks as required by section 9731, Compiled Oklahoma Statutes, 1921 (section 7397, R. L. 1910), so the deed cannot be sustained when it is thus attacked. Mirtschin remained in possession of these premises until his death, and his personal representative brought this suit, so the one-year statute of limitations for an action assailing the tax deed provided in section 9753, Compiled Oklahoma Statute, 1921 (section 7419, R. L. 1910), does not apply. Lind v. Stubblefield, 138 Okla. 280, 282 Pac. 365; Jackson v. Turner, 107 Okla. 167, 231 Pac. 290; Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666.

Courts will not, by reason of the insufficiency of the consideration to support a contract, make a new contract for the parties or cancel contracts which have been inadvertently made, but if the consideration is so small as to appear to be unconscionable, the smallness of the consideration may be looked to as evidencing a fraud or undue influence practiced by the party benefiting by the contract. The rule has been thus stated in Morton v. Roberts, 88 Okla. 263, 213 Pac. 297:

"Ordinarily mere inadequacy of consideration is not sufficient ground, in itself, to justify a court in canceling a deed, yet when the inadequacy is so gross as to amount to fraud, or in the absence of other circumstances, to shock the conscience and furnish satisfactory and decisive evidence of fraud, it will be sufficient ground for canceling a conveyance."

The rule has been otherwise stated as:

"It (fraud) may be apparent from the intrinsic nature and subject of the bargain itself; such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other; which are unequitable and unconscientious bargains; and of such even the common law has

taken notice. * * *" Chesterfield v. Janssen, 2 Ves. 125, 28 Reprint, 82.

To the same effect are Bruner v. Cobb, 37 Okla. 228, 131 Pac. 165; Barker v. Wiseman, 51 Okla. 645, 151 Pac. 1047; Clayton v. Oberlander, 59 Okla. 35, 157 Pac. 929; Guinan v. Readdy, 79 Okla. 111, 191 Pac. 602; Paulter v. Manuel, 25 Okla. 59, 108 Pac. 749; White v. Armstrong, 102 Okla. 156, 227 Pac. 130; Boles v. Nash, 145 Okla. 120, 291 Pac. 800; Bispham's Principles of Equity, section 219; Pomeroy's Equity Jurisprudence (4th Ed.) section 923.

The trial court found that the quitclaim deed from Mirtschin to Burnam was made without consideration and was obtained by fraud and undue influence. This court will review the evidence, but will not reverse the cause unless the decree is against the clear weight of the evidence. Mirtschin was over 60 and was possibly 70 years of age at the time the deed was given. He was an eccentric old bachelor who lived by himself and seemed not to understand our system of taxation. He was without relatives or close friends. Burnam had paid but $13.21 for the tax deed to the 120 acres of land which he owned and on which he lived. The agreement the defendants endeavor to sustain is, to say the least, unusual. Some of the witnesses testified that he, in their opinion, would have understood the effect of the deed; others testified that he would not have understood such a transaction. After the transaction it is testified that he told persons that he had conveyed the land to Burnam. Others he told he had not made such a conveyance. He lived on the premises until a few days prior to his death, at which time the county health officers removed him to the county farm. The evidence is very conflicting as to his mental capabilities and to his capacity to understand a business transaction. Defendant Fickel only claims that in all about $300 was expended, which might be considered as a portion of the consideration for the premises. Plaintiff asserts that much less could be so considered. It was stipulated that the reasonable value of the land was $1,200. We cannot say, in view of the conflicting testimony and the peculiar character of this transaction, that the conclusions reached by the trial court are clearly against the weight of evidence, so we must affirm its findings.

There was no evidence introduced by the defendants to sustain the defense of innocent purchasers. Fickel was the notary public who acknowledged the Mirtschin deed.

The defense of being an innocent holder for value must be pleaded and proved. It is an affirmative defense. The plaintiff made out a case establishing fraud in the execution of the Mirtschin deed. Thereupon the burden shifted to those endeavoring to avail themselves of the facts which would constitute them as innocent purchasers for value to establish those facts. This they failed to do. Exchange Trust Co. v. Godfrey, 128 Okla. 108, 261 Pac. 197; Gay v. Williams, 102 Okla. 37, 266 Pac. 88; Adams Oil and Gas Co. v. Hudson, 55 Okla. 386, 155 Pac. 220.

The decree gave Fickel and the mortgage company liens on the premises for the amount expended for the tax deed and the amounts expended in payment of the taxes accrued and paid by them both prior and subsequent to the execution of the quitclaim deed from Mirtschin to Burnam and gave them interest on said sums at 6 per cent. from the dates on which they were paid. They suggest that they should have been allowed 18 per cent. interest thereon. They are not the holders of the tax certificates and they cite no authority to sustain this contention. The argument made is unconvincing, so we will let the judgment stand as entered.

The cause is affirmed.

BENNETT, DIFFENDAFFER, HERR, and HALL, Commissioners, concur.

By the Court: It is so ordered.