AUTRY, Adm'x, et al. v. CHOATE.

No. 30651.   Nov. 16, 1943.

*143 P. 2d 117.*

C. C. Wilkins, of Marietta, for plaintiffs in error.

J. W. Dixon, of Marietta, for defendant in error.

CORN, C. J. This is an action to quiet title to real estate, based on a county commissioners' deed. Judgment was rendered in favor of the plaintiff, and certain defendants claiming mineral rights in the land brought this appeal. The parties will be referred to herein as they appeared in the trial court.

The ten acres of land involved was sold for delinquent taxes to the county, and thereafter was advertised and sold at tax resale at which the county treasurer was the purchaser for and on behalf of the county, and pursuant to said sale county treasurer executed a resale tax deed to the premises to the chairman of the board of county commissioners. Thereafter the board of county commissioners sold and conveyed the land to John H. Tippet, the highest competitive bidder therefor; and the said John H. Tippet sold and conveyed the same to the plaintiff.

The fee title owners did not answer plaintiff's petition, but certain defendants claiming an undivided five-eighths of the mineral interests in the land attacked the validity of the deed on three grounds, namely:

"(1) That the resale of May, 1940, was not held in the county treasurer's office as required by law and as advertised in the notice of sale.

"(2) That the resale tax deed to Love county was void upon its face because it fails to show the county treasurer was the only bidder at said sale and fails to show the county treasurer did not bid in competition to other bidders.

"(3) That the county tax deed to John H. Tippet is void upon its face because it fails to show the amount this ten acres of land was sold for, and the amount of taxes against said land."

Under the first proposition the evidence shows that the treasurer's office was not large enough to accommodate the crowd attending the sale, and that the county treasurer publicly announced that he was making the district courtroom a part of the treasurer's office and would conduct the sale therein for the convenience and accommodation of the public and of all persons interested in the sale or desiring to attend the sale, and that pursuant to such public announcement the sale was conducted in the district courtroom in the county courthouse. The contention, then, that the sale was not held in the place as required by law and as advertised in the notice of sale is settled by the holding of this court in the case of Cherryhomes v. Board of Com'rs of Tulsa County, 160 Okla. 159, 16 P. 2d 257, wherein it was held under a similar state of facts, as set out in the syllabus, as follows:

"Under the provisions of section 12742, O. S. 1931 (section 9732, C. O. S. 1921), requiring tax sales by the county treasurer to be held at his office where by law the taxes are made payable, a sale is valid although held in the district courtroom on the floor above the space occupied by the county treasurer for his office, where the record shows that the district courtroom was made

the office of the county treasurer for the time being for the purpose of the sale, where public announcement thereof was made, and where no person was deprived of an opportunity to bid at the sale by reason of the use of the district courtroom by the county treasurer as a part of his office for the purpose of conducting the sale."

The defendants' second proposition is not well taken for the reason that the resale tax deed under consideration was executed upon statutory form for resale tax deed as provided by section 8 of House Bill 121, S. L. 1939, section 432g of Title 68, O. S. 1941. The defendants rely upon the fact that the prescribed form does not specifically set out the performance of everything required to be done by the statute in the tax sale proceedings, and do not come forward with any proof that any of the essentials were actually omitted by the treasurer in such proceedings. It is well settled that where the statutes prescribe the form of tax deeds, such form, duly executed by the county treasurer, is prima facie evidence that all proceedings, notices, and duties provided, required, and imposed by law as prerequisite to the vesting of authority in the county treasurer to execute such deed have been followed, given, complied with, and performed, and that in order to defeat such deed it must be clearly pleaded and clearly proven that one or more of such prerequisites was wholly omitted and not done; and a showing of a mere irregularity in the doing of any of said prerequisites will not be sufficient to defeat the deed, sec. 432h, Title 68, O. S. 1941. The failure of a statutory form to set out a recital of all the essential prerequisites does not of itself render the deed void upon its face.

As to defendant's third proposition, we have examined the statute relating to county deeds, to wit, section 432j, Title 68, O. S. A., and fail to find the requirement that such a deed must show the amount for which each tract, piece, or parcel of land sold, where two or more are included in the same deed.

This contention is therefore without merit.

The judgment of the trial court is affirmed.

GIBSON, V. C. J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.