### McGRATH v. SMITH et al.

No. 31130.   April 10, 1945.

*157 P. 2d 740.*

Roscoe Bell, of Oklahoma City, for plaintiff in error.

Dennis Wright, of Harrah, for defendant in error O. J. Smith.

B. C. Logsdon, Asst. County Atty., of Oklahoma City, for Wm. F. Vahlberg, County Treasurer.

GIBSON, C.J. At a tax resale held by defendant in error Vahlberg as treasurer of Oklahoma county, beginning on May 12, 1941, lots 18 and 20 of block 19 of the town of Jones were advertised for sale for ad valorem taxes and special assessments and thereat sold and conveyed to defendant in error Smith, the purchaser thereof. Plaintiff in error McGrath, the record owner of said lots, instituted this action to set aside said sale and conveyance and has appealed from adverse judgment rendered in the trial court.

The special assessments were levied to retire paving bonds. The assessments were payable in ten annual installments, payable on September 1 of each succesive year beginning with 1927. No part of the assessments on said lots was paid. The bonds matured on October 1, 1936, and on those remaining unpaid no funding or foreclosure proceedings were had.

During the month previous to the resale the said owner, a resident of Dayton, Ohio, tendered to said treasurer through a check, that was open as to amount, all of 1940 ad valorem taxes and one-fifth of the delinquent taxes for all previous years on said lots, and other lots, not here involved, and expressly directed that no special assessments on said lots were to be included in such payment. Such check was accepted by said treasurer but, without notice to said owner, same was filled in for an amount to cover only ad valorem taxes on the lots other than said lots 18 and 20. Said check was not negotiated until after said resale and said owner was without knowledge of the sale and conveyance. In his testimony the deputy treasurer, who prepared the list of properties for resale, explained the resale of said lots notwithstanding said tender by saying that the office was given instructions to resell for unpaid special assessments even though "ad valorem taxes were paid under H. B. 68," which has reference to the law authorizing payment of delinquent ad valorem taxes in five installments along with current taxes.

Under the issues made and the evidence adduced it is urged on behalf of plaintiff in error that (a) by reason of said tender said treasurer was without authority to offer said lots at resale for ad valorem taxes; (b) that by reason of the provisions of article 6, chap. 33, S.L. 1939, said paving bonds had become barred by limitation and hence said treasurer was without authority to sell said lots therefor; and (c) that there had been no previous sale to the county of said lots for delinquent assessments and that the sale to the county in 1932, as recited in the notice of resale, was for 1931 ad valorem taxes only and that those taxes were paid when the lots were redeemed in 1933, and, hence, no authority existed in said treasurer to make resale of said lots.

On behalf of defendants in error it is urged that such tender is unavailing because by reason of Title 11, O.S. 1941 § 131, said treasurer was unauthorized to accept said ad valorem taxes without the payment of said special assessments as well; that the limitations pleaded were without application in such tax sale proceeding; and that notwithstanding tax sale to county in 1932 being insufficient to support such resale, it will be presumed by reason of the curative provisions of Title 68, O.S. 1941 § 432 that the necessary prior sale was had and that such presumption

could be overcome only by showing that no such sale was had for any of the previous years in which under the law same could have been had.

Inasmuch as we reach the conclusion that the resale and the deed made in pursuance thereof are void, the question of the restrictive provisions of section 131, supra (they overlook 11 O.S. 1941 § 106, a later statute giving the right to pay only the ad valorem taxes) and that of limitations on right to recover on said bonds become immaterial and will not be discussed.

It appears from the notice of resale and the treasurer's return thereof that said lots were sold to the county on November 7, 1932. Such recital is responsive to the demands of the statute (Title 68, O.S. 1941 § 432b). It appears from the 1932 sale record that said lots were advertised and sold for 1931 ad valorem taxes and were neither advertised nor sold for delinquent paving installments. These lots had been previously sold to the county November 3, 1930, for 1929 taxes. The certificate of that sale was on December 12, 1932, assigned by the treasurer to one Mackey who paid, as shown by the endorsements thereon, taxes for the years 1930 and 1931. Thereafter, on April 22, 1933, after the giving by said Mackey of notice to redeem, same was redeemed by M. McGrath, the then owner and grantor of plaintiff in error.

There is no authority in law for a resale except in a case where there has been a previous sale to the county from which the property so sold has not been redeemed. The statute giving authority to resell makes such prior sale and the absence of redemption a condition precedent thereto (Title 68, O.S. 1941 § 432) and it has been so construed. Gassaway v. Skiveers, 182 Okla. 9, 75 P. 2d 1149; Jones v. Storie, 172 Okla. 473, 40 P. 2d 1067; Bradford v. Schmucker, 135 Fed. 2d 991. From this it follows that if the said 1932 sale is to be deemed the sole basis therefor, the 1941 resale was unauthorized in law.

It is contended on behalf of defendant in error purchaser that the prima facie evidence of regularity flowing from Title 68, O.S. 1941 § 432b, was not overcome by negativing the validity of the recited sale of 1932. And referring to the several years elapsing since said original assessment, it is urged as follows:

"Under our Statutes, supra, this court is burdened to assume that such property was sold at each of such annual sales for both, or either, the ad valorem and the paving assessments, in the absence of positive allegations and proof by the plaintiff to the contrary."

Such conclusion could be correct only where no record was required to be kept. Here, by reason of Title 68, O.S. 1941 § 432f, the treasurer is required to make and file a report of the proceedings had, concerning which there is said:

". . . and such notice and return shall be presumptive evidence of the regularity, legality, and validity of all the official acts leading up to and constituting such resale."

To hold that it is to be assumed that the resale was in fact based upon proceedings not reflected in such return is a distortion of its true function. The error of the contention is more clearly defined in The City Ry. Co. v. Mary E. Chesney et al., 30 Kan. 199, 1 P. 522, wherein there is said:

"But it is argued that the deed is prima facie evidence of the regularity of all prior proceedings, including therein the publication of the notices of sale; that these affidavits do not show affirmatively that notice was not published for four consecutive weeks, and that therefore the positive evidence of the deed overpowers the negative evidence of the affidavits. This argument is not sound, for where the statute requires the making of a record, the preservation of the proof of any act, and such proof is preserved, we have a right to assume that the act was done in the way it is stated in such proof, and only in such way. (O'Driscoll v. Soper, 19 Kan. 574; Mickel v. Hicks, 19 Kan. 578.) So that the manner in which an act is

done, as shown by the county records required to be made and kept by statute, will be presumed to be the only way in which the act was done. At least this will be the rule in the absence of affirmative and positive testimony to the contrary."

The Kansas holding was recognized and applied by this court in Dawson v. Anderson, 38 Okla. 167, 132 P. 666. In syllabus 2 we said:

"Although a tax deed be regular and formal, and therefore prima facie evidence of the regularity of all prior proceedings, including the publication of notice of sale, yet, when the return of the sheriff as to service on the owner and the person in possession shows an insufficient service, it will be presumed, in the absence of other testimony, that the service was made only as shown in such return, and the prima facie evidence furnished by the deed is overthrown.

"(a) In matters pertaining to tax sales, statutes prescribing the manner of service of notice and the issuance of tax deeds thereunder are mandatory and not directory."

In support of said contention reliance is sought to be made on the holding of this court in Chamberlain v. Davis, 191 Okla. 457, 130 P. 2d 848, wherein we held that in view of the curative provisions of 68 O.S. 1941 §§ 452 and 453 the failure to state in notice of resale the exact date of the original sale and the inclusion, among the several years for the taxes for which the land would be sold, of a year on which taxes had been paid, would not vitiate the sale.

The holding in the Chamberlain-Davis Case is not at variance with the holding in the instant case. The factual situations in that case and this are fundamentally different and hence do not afford an opportunity for the common application of a single doctrine. The basic essential for a resale lies in the fact of valid original sale to the county. In the instant case it appears that the original sale, relied on for resale, by reason of redemption, could not afford a basis for resale. In the

cited case the validity of the original sale was not in question—the issue being whether the failure to recite the date thereof was prejudicial. The distinction as defined by this court in Autry et al. v. Choate, 193 Okla. 265, 143 P. 2d 117, lies between the total omission, on the one hand to do that which is a prerequisite, and on the other an irregularity in the doing it.

The judgment is reversed and cause remanded, with instructions to enter judgment for the plaintiff.

HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, and DAVISON, JJ., concur.