## CLAYBROOKE *v.* BARNES.

Opinion delivered December 23, 1929.

*Ernest Neill,* for appellants.

*Coleman & Reeder,* for appellees.

HART, J., (after stating the facts). · It is first sought to uphold the decree on the ground that appellee, Laura Barnes, paid taxes on the land for seven years under color of title, and acquired title by such payment of taxes

under § 6943 of Crawford & Moses' Digest, as construed by the repeated decisions of this court. The record shows that the lands were wild and unimproved, but we do not think that the facts in the record sustain the contention of Mrs. Laura Barnes. It is true that in one place she testified that she had paid the taxes from the year 1911 up to the time she was testifying, in February, 1927. But her claim in this respect is not borne out by the record of tax payments nor in part by her own testimony. She admitted in her testimony that her husband had received a bond for title for the land from T. B. Tate, and that she did not take possession of it until after his death in 1918. T. B. Tate, who had the legal title to the land, and who testified that he purchased it for W. E. Barnes, testified that it was Barnes' duty to pay the taxes on the land. The tax records show that he did pay the taxes on the land until his death in 1918. The mineral interests in the land were separately assessed in 1923, and from that time on appellants paid the taxes on the mineral interest in the land. The payment of taxes by W. E. Barnes from 1911 to 1917 and 1918 inclusive will be deemed to have been made under his duty to pay them, as testified to by Tate, as being required under his bond for title. So it will be seen that Mrs. Laura Barnes did not pay the taxes for seven years in succession before 1923, when the mineral estate was separately assessed, and did not acquire title by the payment of taxes as provided under § 6493 of Crawford & Moses' Digest.

Besides, this court has held that the minerals underlying a tract of land are not lost by failure to pay taxes thereon unless there is a separate assessment of taxes against them. *Bodcaw Lumber Co.* v. *Goode,* 160 Ark. 48, 254 S. W. 345, 29 A. L. R. 578.

The record in this case shows that the deed from appellants to Cole contained an exception of the mineral rights from the ground, within the principles of law de-

cided in *Grayson-McLeod Lbr. Co.* v. *Duke,* 160 Ark. 76, 254 S. W. 350.

Where there has been a severance of the legal interest in the minerals from the ownership of the land, it has been held as to solid minerals, and the same rule has been applied to oil and gas, that adverse possession of the land is not adverse possession of the mineral estate, and does not defeat the separate interest in it. Summers on Oil and Gas, pp. 139 and 140; and Mills and Willingham on the Law of Oil and Gas, § 18. In *Scott* v. *Laws,* 185 Ky. 440, 215 S. W. 81, 13 A. L. R. 369, the court said that, since there was a severance of the mineral estate from the surface estate, the owner of the minerals did not lose his right or his possession by any length of nonuser, nor did the owner of the surface acquire title by the statute of limitations to the minerals by his exclusive and continued occupancy and enjoyment of the surface merely.

The rule was approved by this court in *Bodcaw Lumber Co.* v. *Goode, supra,* and the court said: "The rule of those authorities is that the title to minerals beneath the surface is not lost by nonuse nor by adverse occupancy of the owner of the surface under the same claim of title, and that the statute can only be set in motion by an adverse use of the mineral rights, persisted in and continued for the statutory period."

So it may be taken as settled that the two estates, when once separated, remain independent, and title to the mineral rights can never be acquired by merely holding and claiming the land, even though title be asserted in the minerals all the time. The only way the statute of limitation can be asserted against the owner of the mineral rights or estate is for the owner of the surface estate or some other person to take actual possession of the minerals by opening mines and operating the same. It is only when such possession has continued for the statutory period that title to the mineral estate by adverse possession is acquired. *Hoskins* v. *Northern Lee*

*Oil & Gas Co.,* 194 Ky. 628, 240 S. W. 377; and *Maney* v. *Dennison,* 110 Ark. 571, 163 S. W. 783.

Tested by this rule, we do not think that appellee, Laura Barnes, has acquired title by actual adverse possession of the mineral estate in said land. Under the authorities above cited, the burden of proof to show such adverse possession rested on her. As said in the last case cited, the burden rested on the one asserting title to show adverse occupancy for a definite area sufficiently described to found a verdict upon. Evidence for appellee tended to show that some mining had been done on the land for each year since 1911, but nearly all of the mining had been done on a single 40-acre tract of land. All of the mining was surface mining, and no mines were opened up and mining machinery installed on the land. There was no occupancy of any of the land continuously for a period of seven years. The most that was shown was that, every three or four months, some of the appellees would work surface mines on the land. They all did so under leases from W. E. Barnes in his lifetime and from Mrs. Laura Barnes after his death. It is not possible, however, to take out any definite part of the land which was so mined, and the evidence does not show any continuous operation of mines for the period of seven years. At best it was only a fitful and desultory occupancy for mining purposes, and was not continued for the necessary length of time to give title by adverse possession for the statutory period of seven years.

It follows that the chancellor erred in finding in favor of appellees, and in dismissing the complaint of appellants for want of equity. The decree therefore must be reversed; and, inasmuch as the case seems to have been fully developed, the cause will be remanded with directions to the chancery court to enter a decree in accordance with the prayer of the complaint.