**McCASLAND v. PARRISH et al.**
**No. 35675.**

Supreme Court of Oklahoma.
Jan. 27, 1954.

Brown, Cund & Brown, Duncan, for plaintiff in error.

Hubbell & Eubanks, Walters, for defendants in error.

JOHNSON, Vice Chief Justice.

Parties will be referred to herein as they appeared in the trial court.

Garland Parrish et al., on September 20, 1950, brought this action to quiet title to certain lands located in Cotton County, Oklahoma. They base their claim upon a resale tax deed, dated April 25, 1936, which was filed for record on the same date, and a mineral deed from Nell Tingley to one of the plaintiffs, dated April 19, 1940, and recorded April 25, 1940. Parrish has been in adverse possession of the property since 1937. Defendant, T. H. McCasland, for defense and for affirmative relief sought to quiet his title to the property involved and

based his rights upon a mineral deed to him from Joe Dice of June 12, 1926, and recorded on the same date, under which no development of wells or severance of minerals was shown, or admitted.

From a judgment for Parrish et al., the defendant appeals.

Error is presented under two propositions. First, "the trial court erred in finding from the evidence that the resale tax deed was valid." Second, "the trial court erred in holding that defendant never owned any mineral interest in the premises."

The record discloses that the delinquent tax list of the regular sale of 1932 gave the description of the land involved in this action as S/2 NE 4, Sec. 1–3S–12W. The 1936 notice of resale of real estate for delinquent taxes described the property as S½ 1–3–12 and the resale tax deed to Garland Parrish described the property as the S½ of NE¼ of Sec. 1, Twp. 3S, R. 12W. I. M., containing 80 acres, which is admittedly correct.

It is this discrepancy in the description of the property in the resale notice that defendant contends vitiates the resale and renders the deed void.

Plaintiff relying upon Title 12 O.S.1951 § 93, Laws 1949, page 95, § 1, Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058, and Woods v. Phillips Petroleum Co., 207 Okl. 490, 251 P.2d 505, claims that any rights the defendant might have had under his mineral deed are barred by Section 93, supra, and we agree. No action was brought within five years by defendant to declare the resale tax deed void under 12 O.S.1951 § 93(3) nor within one year after the effective date of said statute as required by 12 O.S.1951 § 93(6).

For the reasons stated in the Woods case, supra, and Jenkins case, supra, the judgment is affirmed.

In view of our disposition of this contention, it becomes unnecessary to consider other contentions.

HALLEY, C. J., and CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.