## SARKEYS v. SCOTT.
### No. 35876.

Supreme Court of Oklahoma.
March 30, 1954.
Rehearing Denied April 27, 1954.

Paul & McPheron, Durant, for plaintiff in error.

Memminger & Cook, Atoka, for defendant in error.

O'NEAL, Justice.

In this action plaintiff, Jacob M. Scott, sought to quiet his title in the trial court to a tract of land in Atoka County, Oklahoma, described as the West-half of the Southwest Quarter and the Southeast Quarter of the Southwest Quarter of Section 32, Township 4 South, Range 14 East.

We will hereinafter refer to Jacob M. Scott as plaintiff and S. J. Sarkeys as defendant, as they appeared in the trial court.

Jacob M. Scott acquired title to said land by virtue of a deed dated July 25, 1918, executed by the Principal Chief of the Choctaw nation and the Governor of the Chickasaw nation, under Section 16 of the Act of Congress approved April 26, 1906, 34 Stat. 137.

On the 13th day of May, 1940, the County Treasurer of Atoka County, Oklahoma, sold said land for delinquent taxes. The County Treasurer's resale deed to said land was issued to Atoka County, Okla-

homa. Thereafter, on the 23rd day of July, 1940, the Chairman of the Board of County Commissioners of Atoka, Oklahoma, executed a deed conveying the land to S. J. Sarkeys, the defendant in the trial court. On February 13, 1951, S. J. Sarkeys conveyed the land to Mrs. Georgia L. Holliman. On February 26, 1952, Georgia L. Holliman reconveyed the land to Mr. Sarkeys. All of the foregoing instruments were duly recorded in the office of the County Clerk of Atoka County, Oklahoma.

It was stipulated by the parties that the resale of the land included the last quarter of the taxes for the year 1939, and that said tax was not delinquent at the time said lands were advertised by the County Treasurer for resale in the proceedings leading up to the execution of said resale deed.

It was further stipulated that an adequate tender in the sum of $806 to cover all delinquent taxes, interest and penalties found to be delinquent was tendered into court by the plaintiff.

The defendant, Sarkeys, alone, appeals and, therefore, no further notice is made as to the other named defendants below.

The trial court found that the plaintiff was the owner of and in constructive possession of said described land; that the defendant's claim of title to the land is based upon the county tax deed of July 23, 1940, and that said deed is void for the reason said land was advertised for resale in an amount in excess of the amount of tax legally delinquent at the time the land was advertised to be sold at said resale; that the defendant, Sarkeys, or other named defendants, had never been in the actual, open, notorious, exclusive and adverse possession of the land; that the taxes, interest and penalties in the sum of $797.58 were deposited with the County Clerk, which tender and payment defendants have rejected.

The decree recites that the deed issued by the Chairman of the Board of County Commissioners, under date of July 23, 1940, to S. J. Sarkeys is void, and is canceled of record, and that all defendants are barred from asserting any right, title or interest in the land adverse to plaintiff's title which is quieted in him.

Defendant moved for a new trial which was overruled. He appeals, and for reversal of the judgment asserts that the issuance of the tax deed and the recording thereof placed him in the *constructive* possession of said land; that he also went into the actual possession of the land, and that under the applicable provisions of the Statute of Limitation, sub-paragraphs 3 and 6 of Section 93, Title 12 O.S.1951, the plaintiff's action is barred by limitations. Section 93, insofar as it is here applicable, provides:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter; * * *

"(3) An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed. * * *

"(6) Numbered paragraphs 1, 2, and 3 shall be fully operative regardless of whether the deed or judgment or the precedent action or proceeding upon which such deed or judgment is based is void or voidable in whole or in part, for any reason, jurisdictional or otherwise; provided that this paragraph shall not be applied so as to bar causes of action which have heretofore accrued, until the expiration of one (1) year from and after its effective date."

Under our prior Code, Revised Laws of Oklahoma Annotated 1910, Sec. 4655, and under House Bill No. 213, Session Laws of 1945, p. 37, 12 O.S.Supp.1947, § 93, the recovery of real property sold for taxes can only be brought within two (2) years after the recording of the tax deed.

Under the present applicable Statute, Title 12 O.S.1951 § 93, sub-paragraph (3) an action for the recovery of land sold for taxes can only be brought within five (5) years after the recording of the tax deed.

■ The record here discloses that the tax deed of the Board of County Commissioners bears the date of July 23, 1940, and the deed was filed for record in the office of the County Clerk of Atoka County, Oklahoma, on August 2, 1940. Under numerous decisions of this court it is held that sales under comparable circumstances were void: Lind v. McKinley, 196 Okl. 4, 161 P.2d 1016; House v. Mainka, 196 Okl. 174, 163 P.2d 225; Sarkeys v. Evans, 197 Okl. 304, 170 P.2d 229; Carman v. McMahan, 198 Okl. 367, 178 P.2d 626; Bridwell v. Goeske, 200 Okl. 244, 192 P.2d 656 and Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058. Prior to the enactment of House Bill 221, the 1949 Amendment, Title 12 O.S.1951 § 93, this court held that a tax deed void on its face, or void for want of jurisdiction of the County Treasurer to conduct the sale and issue a resale deed did not start the running of the statute of limitation.

In the case of Thieman v. May, Adm'r, 203 Okl. 655, 225 P.2d 356, 357, we held:

"Neither Sec. 432(f) nor Sec. 455, 68 O.S.1941 nor Sec. 93, subd. 3, 12 O.S.1941, fixing the limitation within which actions may be commenced to recover land sold for taxes, applies to an action to cancel a void resale tax deed."

See also Smith v. Barry, 200 Okl. 619, 198 P.2d 400.

■ We recently (1952) construed 12 O.S.1951 § 93(3) (as amended in 1949) in the case of Woods v. Phillips Petroleum Co., 207 Okl. 490, 251 P.2d 505, and there announced the rule that where purchaser at void tax sale enters into possession and files an action to quiet title against former owner, claiming title by limitation, and former owner pleads invalidity of tax deed under which plaintiff entered into possession, plaintiff may plead the five-year statute of limitation provided in 12 O.S. 1951 § 93, regardless of whether tax deed is valid or void.

Our decision in Woods v. Phillips Petroleum Co., supra, was based upon findings that the plaintiff had entered into possession of the land under the tax deed. It was there said that under our former decisions, the contention of Woods that the tax deed was void would have to be sustained, but that since the amendment of 12 O.S.1951 § 93(3), that the limitation statute barred his defense, it not having been asserted within the five-year period.

■ In the case before us we are called upon to construe the statute upon findings of the trial court that the defendant Sarkeys never went into possession of the land and never established actual, open, notorious, exclusive and adverse possession thereof. A review of the record leads us to the conclusion that this finding is correct. Defendant's own testimony discloses that after acquiring the tax deed and recording the same, he did not go into possession of the land.

The witness Hughes testified that the land in question was located near his farm and that he was familiar with the physical condition of the land; that the land was not improved by structures or a fence; that the land was generally known as the "Sarkeys' land" but he was unable to state during what period of time Sarkeys claimed to have a deed to the land.

The witness Anderson testified that he had been acquainted with the land for twenty years, and described it as a woody tract, unfenced and otherwise unimproved; that the land was regarded as "Sarkeys' land."

The defendant Sarkeys testified that after he acquired the tax deed he looked over a part of the land. When asked: "Did you take physical possession of the land?" he responded: "Well, I knew it was mine. I bought it, and I guess I did."

Approximately two years later defendant asked an unidentified man, who ran a country store in the neighborhood of the land, to go with him to inspect the land. Defendant left his address with this storekeeper with the request that if anyone wanted to rent the land to let him know. Defendant never leased or rented the land nor had any tenant in possession thereof.

Title 60 O.S.1951 § 333, provides:

"Occupancy for the period prescribed by civil procedure, or any law

of this State as sufficient to bar an action for the recovery of the property, confers a title thereto, denominated a title by prescription, which is sufficient against all."

Prior to the adoption of the 1949 amendment, 12 O.S.1951 § 93, supra, the limitation statute as applied to judicial sales, or orders, administrators or guardians deeds, was construed to apply, whether the deeds or proceedings supporting the same were void or voidable. Goslen v. Waddell Inv. Co., 145 Okl. 269, 292 P. 362; Allen v. Warner, 105 Okl. 129, 232 P. 61. Stolfa v. Gaines, 140 Okl. 292, 283 P. 563.

A reading of these cases discloses that the decisions rested upon findings that the holder of the deed, after its recordation, went into possession of the land for the periods of limitation, and that such possession ripened into a prescriptive title.

We hold that constructive possession is insufficient to create a title by prescription. It will be noted that the prescriptive statute, supra, provides for occupancy. Moreover, such occupancy must be open, notorious, exclusive, continuous and hostile. Possession is for the full statutory period of limitation; otherwise, title by prescription is not created.

It may be urged that a literal reading of the statute here involved does not specifically provide that the holder of the tax deed must go into possession or occupancy of the land to bar the running of the limitation period. This is true, but under the limitation statute as it applied to an action to recover real property sold by executors, administrators, or guardians upon an order or judgment directing a sale, or for the recovery of real property sold on execution, and other sales made under judicial process; as provided in 12 O.S.1951 § 93 (as amended in 1949) we uniformly construed the limitation provisions as applicable only where the grantee in the deed actually took possession of and was the occupant of the land for the period provided in the statute. Moreover, the limitation statute as applied to these sales, did not specifically provide for possession and occupancy. We therefore felt impelled to reach these conclusions to effectuate the evident intent of the legislature in these enactments. Undoubtedly, the legislative intent was that the recordation of the deed must be accompanied by possession and occupancy for the full limitation period to create the prescriptive title defined by the statute; that construction saves the legislation from a challenge of invalidity upon constitutional grounds.

The judgment of the trial court is therefore affirmed.

JOHNSON, V. C. J., and WELCH, CORN and ARNOLD, JJ., concur.

HALLEY, C. J., and WILLIAMS and BLACKBIRD, JJ., dissent.