**GOODING**

v.

**EDWARDS.**

**No. 35381.**

Supreme Court of Oklahoma.

June 22, 1954.

Rehearing Denied Nov. 29, 1955.

Chas. D. Scales, Oklahoma City, for plaintiff in error.

Walter Gray and Twyford, Smith & Crowe, Oklahoma City, for defendant in error.

WELCH, Justice.

The plaintiff brought suit against the defendant to quiet title to certain real estate and including an undivided 1/32nd interest in the minerals in and under a certain quarter section of land.

The defendant in pleading to the plaintiff's petition, and by way of cross-petition against the plaintiff, asserted ownership, with fee-simple title of a certain ten-acre tract of land, a part of the said quarter section of land mentioned by the plaintiff. The defendant alleged ownership of the said ten acres by virtue of a tax deed, and his possession of the land under the tax deed for a period of more than five years.

On trial it was shown that the plaintiff was named a grantee of mineral interest, in the quarter section of land involved, in a deed from a person who was the record owner of the property prior to the proceedings under which the defendant's tax deed was issued. There was evidence introduced to establish the invalidity of the tax sale proceedings and the tax deed. There was evidence to show that for a period of more than five years preceding this action, and more than five years after the recording of the tax deed, the defendant, by tenant, had been occupying the ten acres described in the tax deed, and during said time the defendant had paid the ad valorem taxes assessed against the land.

Judgment was for the plaintiff and against the defendant quieting the plaintiff's title to a 1/32nd mineral interest in the ten acres of land claimed by the defendant, and for the cancellation of the tax deed as to the said 1/32nd mineral interest.

In argument for a reversal of the judgment, and that the defendant is entitled to a judgment against the plaintiff, the defendant contends for an application of 12 O.S. 1951. § 93, in bar of the plaintiff's attack upon the tax deed, and as operating with effect to create prescriptive title to the ten-acre tract in the defendant.

The trial court held that the tax deed is void and apparently was of the opinion that the limitations on actions provided in § 93, supra, is without application in the instances that a void tax deed is involved.

■ Since the trial of the instant case this court in other cases has construed and applied § 93, supra, as effective and operative to bar an action for recovery of real property held under a void tax deed, if after the recordation of the deed there has been a continuous possession of the real property under the deed for a period of five years. Woods v. Phillips Pet. Co., 207 Okl. 490, 251 P.2d 505; Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058; McCasland v. Parrish, Okl.Sup., 266 P.2d 450; Fletcher v. Twyford, Okl.Sup., 267 P.2d 554; Boone v. Claxton, Okl.Sup., 269 P.2d 980, and Williams v. Bailey, Okl.Sup., 268 P.2d 868.

60 O.S.1951 § 333, provides:

"Occupancy for the period prescribed by civil procedure, or any law of this State as sufficient to bar an action for the recovery of the property, confers a title thereto, denominated a title by prescription, which is sufficient against all."

Under the evidence adduced herein we find that the defendant's tax deed, though void, was recorded in 1938, and that defendant has since been in continuous occupancy of the ten-acre tract of land therein described, and unmolested by the plaintiff until the commencement of this action in 1951. In an application of the statutes, supra, we hold that the defendant is vested with prescriptive title to the ten acres in controversy, and said title is sufficient against the plaintiff's claim of a mineral interest therein.

The judgment of the trial court is reversed as affects the ten acres of land described in the defendant's cross-petition, and the trial court is directed to enter judgment for the defendant quieting his title to said ten acres as against the plaintiff.

JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.