S. J. SARKEYS, plaintiff In error,

v.

Roy K. PAYTE, a ⅟₃₂nd Choctaw Indian, Roll No. 1320, on the Final Roll of Choctaw New Born; Board of County Commissioners of Coal County, Oklahoma; the County Treasurer of Coal County, Oklahoma; J. R. Greenlees; Newton B. Childs; H. H. Anderson; and L. A. Conner; If living, or, if dead, The Heirs, Executors, Administrators, Devisees, Trustees, or Assigns, if any, Known or Unknown Immediate and Remote of Roy K. Payte, Choctaw New Born, Roll No. 1320; J. R. Greenlees; Newton B. Childs; H. H. Anderson and L. A. Conner, defendants in error.

No. 36001.

Supreme Court of Oklahoma.

Sept. 14, 1954.

Harrell & Trice, Ada, for plaintiff in error.

T. K. Klinglesmith, Coalgate, and Claude V. Thompson, Ada, for defendant in error.

BLACKBIRD, Justice.

Plaintiff in error commenced this action as plaintiff July 15, 1952, against defendant in error as defendant, to quiet his title to 50 acres of land he claimed by virtue of a County Deed (of) Property Acquired At Re-Sale, executed November 8, 1940, and filed of record December 7, of that year. The parties will henceforth be referred to by their trial court designations. The land had been allotted to defendant as a Choctaw Indian. In his answer he asserted the invalidity of the tax sale and re-sale proceedings on which plaintiff's deed was based. Plaintiff's reply pleaded the statute of limitations as a bar to defendant's attack on his deed and claim of title to the property.

After hearing the evidence, the trial court found plaintiff's deed was void, that he failed to show he had ever been in actual or constructive possession of the property, and decreed that plaintiff "take nothing" in so far as title to the land was concerned.

From said judgment plaintiff has lodged the present appeal, apparently conceding the invalidity of his deed, but disputing the trial court's apparent conclusion that the limitation periods provided in 12 O.S.1951 § 93, sub. pars. (3), (6), were not applicable to bar defendant's assertion of said invalidity as a defense to the action. He argues that such defense was barred whether his deed was void or voidable, and maintains that under the

proper interpretation of said statute, such attack is barred within one year after the recording of his deed, unless the former owner is in possession. It is undisputed that neither plaintiff nor defendant had occupied the land personally or by tenant since the recording of plaintiff's deed, and, that as far as those parties were concerned, the property was the equivalent of unoccupied land. The evidence showed, however, that plaintiff had paid current taxes on it since that time.

The question here at issue was determined adversely to plaintiff's position by our construction of the cited statute in Williams v. Bailey, Okl., 268 P.2d 868, 869, promulgated since his brief was filed. In that case we held:

> "When land has been sold for taxes and the tax deed purchaser seeks to rely on the statute 12 O.S.1951 § 93 to create a title by prescription or to bar an effort of the owner at time of tax sale to show the tax sale was void, such purchaser must show recordation of tax deed *and occupancy of the premises, both* for the period of five years provided by such statute." (Emphasis ours.)

Similar and consistent views have also been expressed by this Court in Sarkeys v. Scott, Okl., 269 P.2d 779. The matter is thus no longer open to question in this jurisdiction. As, in the situation here involved, there was no occupancy of the property of which plaintiff could rightfully claim the benefit, his recording of the County Deed more than a year before commencing this action was insufficient to create title by prescription in him and to preclude the invalidity of said deed from being effectively asserted as a defense to the action. The refusal of the trial court to quiet his title on account of said invalidity was therefore proper; and its judgment is hereby affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON and WILLIAMS, JJ., concur.