Joe STARK and Leah Stark, husband and wife, Plaintiffs in Error,

v.

T. H. AKARD, Defendant in Error.

No. 37529.

Supreme Court of Oklahoma.

July 9, 1957.

Lee Hardgrave, Antlers, for plaintiffs in error.

Joe Stamper, Antlers, for defendant in error.

CARLILE, Justice.

T. H. Akard, defendant in error, instituted this action to establish and quiet title to 40 acres of land in Pushmataha County and alleged himself to be the owner in possession of the land, and that the defendants, Joe Stark and Leah Stark, husband and wife, plaintiffs in error, and other parties who are not parties to this appeal, were claiming some adverse title, interest or estate in the land; that such adverse claims were wholly without merit, and specifically alleged that the claims of the defendants Stark were based on the sale of the real estate for delinquent taxes at annual sale, tax sale and county sale, and that deeds issued thereunder were wholly void for the reasons:

"a. The sufficient notice of the delinquent tax sale from which said tax resale was and is based was not at any time given or published as by law required.

"b. That the resale tax deed is wholly and totally void for the reason that said real estate was sold for more taxes than were due thereon at the time of said sale and that no notice of said tax resale was ever at any time given or published as by law required."

Plaintiff, in his petition, offered to pay and tendered payment of any sum of money which the court should determine to be due as taxes, penalties, interest or costs against the land, and prayed judgment quieting his title and enjoining the defendants from asserting any title, interest or estate therein, and prayed judgment cancelling all purported tax deeds issued on the land.

The defendants, Joe Stark and Leah Stark, filed an amended answer and cross-petition generally denying the allegations of plaintiff's petition and alleged that they and their grantors and predecessors had been in the actual and exclusive possession of the land and paid taxes thereon for more than five years preceding the filing of this action, and that the plaintiff last occupied and paid taxes on the land in 1935, and further answered that the land was sold to Pushmataha County at a resale in 1939 for nonpayment of taxes and penalties for the year 1935; that in 1940 the Board of County Commissioners of said county sold the land to L. E. Davis, Jr. and executed a deed to him therefor, which deed was recorded on March 11, 1940; that Davis conveyed his title to Joe Arnold, and by subsequent deeds the defendants acquired title to the land. The said defendants further answered and alleged that by virtue of Title 12, Section 93, O.S.1951 the plaintiff's action was barred by limitation because more than five years had elapsed since the recording of the Commissioners' deed to L. E. Davis, Jr. and prior to the filing of this action, and that the answering defendants and their predecessors had been in the open, notorious, peaceful and adverse possession of the land for more than fifteen years.

The defendants Stark by cross-petition adopted the allegations of their answer and prayed that they have judgment quieting their title to the land as against the claims of the plaintiff.

The defendants, the Board of County Commissioners and the County Treasurer of Pushmataha County, filed an answer in the nature of a general denial.

Upon trial of the issues judgment was rendered for plaintiff against all of the defendants, decreeing plaintiff to be the fee owner of the land, and quieted title in him.

The defendants Stark filed motion for a new trial, which was overruled, and they alone perfected this appeal. The parties will be referred to as they appeared in the trial court.

The first point argued by the defendants Stark for reversal of the judgment against them is that the trial court erred in overruling their demurrer to plaintiff's petition, and erred at the conclusion of all of the evidence in rendering judgment for the plaintiff, and assert that plaintiff's cause of action was barred by limitation under Title 12, Sec. 93, O.S.1951, more than fifteen years having elapsed since the recording in March 1940 of the deed from the Board of County Commissioners to L. E. Davis, Jr.

 While the defendants Stark allege in their answer and brief that they and their grantors were in open, notorious and adverse possession of the land and paid taxes thereon for more than fifteen years, it is apparent from the record and briefs that they consider and contend that the limitation statute, Title 12, Section 93, bars an action to recover the land or title thereto where the tax deed has been of record for five years prior to the institution of an action without regard to the possession and occupancy of the land. Such theory and contention is erroneous insofar as it relates to the occupancy of the land, and is contrary to the holding in the cases of Williams v. Bailey, Okl., 268 P.2d 868; Sarkeys v. Scott, Okl., 269 P.2d 779, and Kapp v. Vahlberg, Okl., 299 P.2d 159, 161, which holds:

"When land has been sold for taxes and the tax deed purchaser seeks to rely on the statute, title 12 O.S.1951 § 93, to create a title by prescription, or to bar an effort of the owner at the time of the tax sale to show the tax sale was void, the purchaser of the tax title must show recordation of the tax deed and occupancy of the premises, for the period of five (5) years provided for in such statute."

The defendants Stark, in their petition in error herein, assign as error the action of the trial court in denying their motion for a new trial, which motion was based in part on the action of the court in holding that the tax deed upon which said defendants relied was void. The plaintiff Akard alleged in his petition that the tax sales and deeds issued thereon to the land involved were void, and prayed that the purported deeds be cancelled, but at the trial of the case offered no evidence in support of such allegation. The parties stipulated that the plaintiff Akard owned the land prior to the date of the resale tax deed on May 19, 1939, and plaintiff testified that he had not deeded or sold it since that date. He also testified on cross-examination that he did not know how long it had been since he paid taxes on the land; that he did not know who was in possession of it in 1950 to 1954 inclusive, and answered no when asked if he was now in direct possession of it. That was all of the evidence offered by plaintiff, and upon conclusion of his testimony his counsel stated to the court:

"Plaintiff Rests. And the reason we rest the burden to show the validity of the tax deed is on the defendants. We have proved that Mr. Akard is the owner and the burden shifts to the person claiming the tax deed to show its validity."

The defendants Stark introduced in evidence the deed dated February 5, 1940 and recorded March 11, 1940 from the Board of County Commissioners to Mr. Davis, also subsequent deeds from Davis and his grantors down to the defendants Stark, all of which had been of record; they also put in evidence tax receipts showing payment of the taxes on the land prior to 1940 and for the years from 1940 to 1955, inclusive, issued to Davis and his assigns.

We have examined the County Commissioners' deed, and it appears regular and sufficient on its face. Its invalidity, if any, is not apparent, nor is any pointed out. It recites in part that the County acquired title to the land at a resale thereof on May 19, 1939 for non-payment of delinquent taxes for the year 1935, and contains other re-

citals showing the acts and procedure leading up to the issuance of the deed.

No evidence was introduced by any of the parties concerning the tax sale proceeding other than that shown in the County Commissioners' deed, and we find no evidence in the record to support the finding of the trial court that the tax sale proceedings and the deed were void.

■ The defendants Stark introduced testimony concerning their possession and occupancy of the land, and that of their predecessors in title through or from whom they acquired title. We have read the record and do not consider it necessary or of benefit to quote or discuss in detail the evidence of the two witnesses called by the plaintiff on the matter. We deem it sufficient to say that the evidence conclusively shows and establishes that the defendants Stark and their predecessors were and had been in the exclusive, continuous and uninterrupted possession of the land under claim of ownership for a period of five or more years after recording of the tax deed involved and preceding the filing of this action.

"An action or defense against a resale tax deed wherein same is alleged to be void on its face is barred from prosecution, if there has been a lapse of time following recordation of the County tax deed, accompanied with possession of the real property by the holder of the County tax deed, for the period prescribed by statute as sufficient to bar an action for the recovery of the real property." Colonial Royalties Co. v. Sitler, Okl., 298 P.2d 1060, 1061.

See also similar holding in Jackson v. Allen, Okl., 283 P.2d 839.

■ Collier v. Bartlett, 71 Okl. 133, 175 P. 247, holds:

■

"What constitutes 'possession' of land is a mixed question of law and fact; 'actual possession' consisting of the exercise of acts of dominion over it, in making the ordinary use of it and taking the ordinary profits it is capable of yielding in its present state."

"Personal occupancy is not a necessary element of the possession required to perfect prescriptive title and is not contemplated in the periods of limitation prescribed by 12 O.S.1951 § 93." Tucker v. McCrory, Okl., 266 P.2d 433.

■ The defendants Stark and their grantors paid the taxes on the land for the years 1940 to 1955 inclusive. The payment of taxes is not a controlling circumstance, but it is one of the means whereby a claim of ownership is asserted and should be considered in determining a claim of ownership by adverse possession. Anderson v. Francis, 177 Okl. 47, 57 P.2d 619.

■ "In an action of purely equitable cognizance this court will consider the entire record and weigh the evidence and cause to be rendered such judgment as the trial court should have rendered." Choate v. Muskogee Electric Traction Co., Okl., 295 P.2d 781, 784.

We have examined the record as a whole and find and conclude that the judgment of the trial court in this action is against the clear weight of the evidence and is contrary to the law applicable thereto. Judgment of the District Court is reversed and cause remanded to the District Court with directions to enter judgment for the defendants Stark, quieting their title to the land involved as against the claim of the plaintiff.

CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.