Nettie STRICKLAND, O. W. Sosebee, Bessie Bradford, Hattie Richards, Dessie Ames, Minna Hill, T. O. Sosebee, Willie Sosebee, Camellia Davis, and Robert Jack Sosebee, Plaintiffs in Error,

v.

Scott L. REEBURGH, Evelyn Young Reeburgh, Jess Johnson and Corinne Johnson, Defendants in Error.

No. 38903.

Supreme Court of Oklahoma.

April 25, 1961.

Rehearing Denied June 27, 1961.

Jerome Sullivan, and Cund & Garvin, Duncan, for plaintiffs in error.

Funston Flanagan, Walters, for defendants in error.

BERRY, Justice.

The parties occupy the same relative position here as in the trial court and will either be referred to herein as they appeared in said court or by name.

On March 28, 1957, plaintiffs, as the surviving children of William M. Sosebee, deceased, hereafter referred to as "grantor", filed their petition herein seeking judgment determining that they were the sole heirs at law of grantor and as such were entitled to judgment against defendants quieting title to all minerals underlying the N/2 of NE/4, Sec. 14, T. 1N, R. 9W, I.M., Stephens County, Oklahoma.

The defendants, Jess and Corinne Johnson, husband and wife, filed an answer and cross-petition to the plaintiffs' petition. They alleged therein in substance that they denied the allegations of plaintiffs' petition; that at the time they, for a valuable consideration, acquired title to the property in 1947 they had no notice of the claim of plaintiffs of an interest in the minerals; that they and their grantor had been in possession of the property since 1925; that plaintiffs' cause of action to recover an interest in the minerals was barred by 12 O.S. 1951 § 93, subds. 1 and 4; that their title as to plaintiffs be quieted and confirmed.

The defendant, Evelyn Young Reeburgh, hereafter referred to as "Mrs. Reeburgh", also filed an answer and cross-petition to plaintiffs' petition. The substance of the allegations of said pleading was the same as the substance of the pleadings filed by the Johnsons. The defendant, Scott L. Reeburgh, hereafter referred to as "Reeburgh", filed a pleading denominated "Answer And Cross-Petition", but which in effect constituted a general denial of the allegations of plaintiffs' petition.

The plaintiffs filed an answer to the pleading so filed by the Johnsons and Mrs. Reeburgh, in which they set forth most of the pertinent facts which are hereafter referred to.

At the conclusion of trial of case to the court, the court made extensive findings of fact and conclusions of law. We summarize the pertinent portion of said findings and conclusions.

On March 2, 1921, grantor, a widower, was the owner of the NE/4 of Sec. 14, T. 1N, R. 9W, subject only to a mortgage to The Travelers Insurance Company to secure payment of $2,500.00; that on said date grantor by warranty deed conveyed the described land to R. H. Cotney and Reeburgh; that grantor reserved all minerals underlying the N/2 of the NE/4 of the land con-

veyed; that Cotney and Reeburgh assumed and agreed to pay the indebtedness secured by the referred-to mortgage.

On September 9, 1921, Reeburgh and Mrs. Reeburgh, husband and wife, conveyed "all of our undivided one-half (½) interest" in the NE/4 to Cotney. No mention of the reserved minerals was made in the deed but it was therein stated that the conveyance was subject to the referred-to mortgage. On the same date Cotney, joined by his wife, conveyed by warranty deed to Mrs. Reeburgh an undivided one-half interest in the NE/4. No mention of the reserved minerals or of the mortgage was made in this deed.

On November 4, 1922, Cotney, joined by his wife, and the Reeburghs, conveyed by warranty deed to Mrs. Myrtis Modrall, a sister of Mrs. Reeburgh, the NE/4 "Excepting and reserving any and all oil rights in and under the North half of the premises herein granted, which said oil right is not owned by first parties". The $2,500.00 mortgage was excepted from the warranty provision of the deed.

On September 15, 1924, The Travelers Insurance Company instituted an action to foreclose the mortgage mentioned in the conveyance from grantor to Reeburgh and Cotney. All interested parties were made parties defendant. Service of summons was apparently had on grantor by publication. Pursuant to judgment rendered in said action, the NE/4 was offered for sale by the Sheriff of Stephens County; that Mrs. Reeburgh did not attend the sale; that the property was bid in by Reeburgh in Mrs. Reeburgh's name; that Reeburgh paid the amount of the bid; that in the Sheriff's Deed issued pursuant to said sale, Mrs. Reeburgh was named as grantee; that the deed was delivered to and filed of record by Reeburgh.

On October 25, 1927, the Reeburghs, by warranty deed, conveyed the NE/4 to the Johnsons as joint tenants; that the Reeburghs reserved one-half the minerals under the NE/4; that Reeburgh entered into negotiations with the Johnsons relative to sale of the quarter; that the Johnsons at no time negotiated with Mrs. Reeburgh; that Reeburgh managed the land from date of Sheriff's Deed to date of sale to the Johnsons and paid the taxes on the land.

On November 30, 1931, grantor died intestate at Brownsville, Texas, leaving as his sole and only heirs at law the plaintiffs.

That following execution and delivery of the Sheriff's Deed, the Johnsons executed oil and gas leases covering the NE/4; that no minerals of any kind had been produced from said quarter; that prior to 1957 none of the plaintiffs had actual knowledge of the execution and delivery of the Sheriff's Deed or that defendants asserted an adverse claim to the minerals which plaintiffs claim.

In the conclusions of law, it was stated in part that Reeburgh and Cotney were legally bound and obligated to pay the $2,500.00 mortgage; that the Reeburghs, the Cotneys and Mrs. Modrall "were not acting in good faith and were guilty of fraud in making the various conveyances one to the other"; that the Reeburghs "were not acting in good faith and were guilty of fraud when they permitted said mortgage to be foreclosed and bought said property at Sheriff's sale in the name of" Mrs. Reeburgh; "that the purpose and intent of said parties by handling the property in the manner in which it was handled was to fraudulently acquire title of" grantor, his heirs or assigns to the minerals under the N/2 of the NE/4; "that there was a relation of trust and confidence between (Cotney) and (Reeburgh), on one hand, and" grantor on the other; that Cotney and the Reeburghs "violated the confidential relation between the parties"; that the recording of the Sheriff's deed was constructive notice to the plaintiffs of said deed; that the deed from grantor to Cotney and Reeburgh served to sever the minerals under the N/2 of the NE/4 from the surface; that because plaintiffs were charged with constructive notice of the Sheriff's Deed of October 26, 1925, and did not commence this action until 1957, their action is barred by 12 O.S. 1951 § 93, subds. 1 and 6.

Judgment was entered in favor of Mrs. Reeburgh and the Johnsons. From order denying plaintiffs' motion for new trial, plaintiffs perfected this appeal.

As indicated, the principal issue presented by this appeal is whether plaintiffs' action to quiet title to the minerals underlying the N/2 of the NE/4 is barred by limitations.

The trial court, as pointed out, found that Reeburgh satisfied the mortgage indebtedness which he had assumed and agreed to pay; that Reeburgh at no time prior to the sale to the Johnsons in fact disposed of his interest in the NE/4; that from date of Sheriff's sale to date of sale to the Johnsons Reeburgh and not Mrs. Reeburgh owned the NE/4.

In Wallace et al. v. Brooks et al., 194 Okl. 137, 147 P.2d 784, 790, Brooks purchased land from Wallace. Wallace reserved one-half of the minerals underlying the land. He subsequently sold a portion of the reserved minerals to others. At the time of the sale the land was mortgaged. Brooks assumed and agreed to pay the mortgage. Brooks failed to satisfy the mortgage indebtedness and the mortgage was foreclosed. At the foreclosure sale the land was bid in in the name of Brooks' daughter. Brooks advanced the amount of the bid and upon payment of said amount the Sheriff who conducted the foreclosure sale made a deed to Brooks' daughter. The trial court entered judgment against Wallace and his grantees. In reversing the judgment, we pointed out that "When defendant Brooks furnished the money for the purchase and paid the small deficiency, which fact the record discloses, he did no more than his contract called upon him to do, that is, he paid the mortgage indebtedness. The whole transaction should be treated merely as fulfillment of defendant Brooks' obligation and, in effect, payment of the mortgage indebtedness so as to release plaintiffs' interest in the land as against the sheriff's deed."

■ We are of the opinion that in purchasing the property at the foreclosure sale, Reeburgh merely fulfilled his covenant to pay the mortgage indebtedness and that payment on his part released grantor's and his heirs' interest in the minerals underlying the N/2 of the NE/4 from the mortgage. As a result of said action on Reeburgh's part, grantor and his heirs acquired, as to Reeburgh, a fee simple title to the minerals underlying the N/2 of the NE/4.

In Burnett et al. v. Cole et al., 193 Okl. 25, 140 P.2d 1012, 1013, we held that a "person on whom the original duty to pay the taxes rested may not profit by his own neglect even by purchasing from a stranger who has purchased at the tax sale. In such cases the equities existing against the original obligor may be cut off while the land is owned by such stranger or other third parties, but when the land is conveyed to the original obligor, the former status is at once restored, or at least the original obligor is estopped to deny it." And in Colby v. Stevenson et al., Okl., 265 P.2d 477, 478, we said that "when land is owned in fee by one person with an outstanding mineral interest in another, * * * and the land owner suffers the land to be sold at tax resale, and the land is acquired by a purchaser at or following ad valorem tax resale, and the land is then conveyed to him who owned the fee title at the time of tax resale, the outstanding mineral interest is not affected by the tax resale, but remains in the ownership of the person who owned it at and prior to the resale. That rule has been followed in many former decisions." We are of the opinion that the principles of law announced in the cited cases are applicable to the instant case.

As we read defendants' brief, they assert that plaintiffs' action is barred by either the two-year limitation period applicable to action for relief on the grounds of fraud (12 O.S.1951 § 95), or the five-year limitation period applicable to recovering land sold on execution (12 O.S.1951 § 93, subd. 1) or the fifteen-year period provided in subdivision 4 of said section.

■■ This is an action to quiet title and not one to recover a money judgment based upon fraud, thus Sec. 95, supra, is not appli-

cable. Since we are of the opinion that Reeburgh, in purchasing at the sale on execution, merely satisfied the mortgage indebtedness that he assumed and agreed to pay, the mineral interest to which plaintiffs assert title were not in fact sold at said sale. We are, therefore, of the opinion that Sec. 93, subd. 1, is inapplicable. See Marx et al. v. Beard, Okl., 302 P.2d 132. For reasons hereinafter given, we are of the further opinion that Sec. 93, subd. 4, is inapplicable.

■ In Deruy v. Noah, 199 Okl. 230, 185 P.2d 189, 191, we quoted with approval from Claybrooke v. Barnes, 180 Ark. 678, 22 S. W.2d 390, 67 A.L.R. 1436, as follows:

 " * * * 'Where there has been a severance of the legal interest in the minerals from the ownership of the land, adverse possession of the surface is not adverse possession of the mineral estate, even though title to the minerals be asserted all the time.' and: 'Where ownership of the surface and of the mineral rights has been severed, the only way the Statute of Limitations can be asserted against the owner of the mineral rights or estate is for the owner of the surface estate or some other person to take actual possession of the minerals by opening and operating mines for the statutory period.' " See also Douglass et al. v. Mounce et al., Okl., 303 P.2d 430, 433, and cited cases.

■ In view of the fact that no minerals were ever produced from the property in controversy, Reeburgh at no time had adverse possession of the mineral interests which are claimed by plaintiffs. We are, therefore, of the opinion that the trial court erred in rendering judgment in favor of the Reeburghs. To our way of thinking, plaintiffs are clearly entitled to judgment quieting their title to the interest (an undivided one-half) that the Reeburghs claim in the minerals underlying the N/2 of the NE/4.

As to the remaining one-half of the minerals under said 80 acres which are claimed

by the Johnsons, we are of the opinion that for reasons given, the trial court did not err in finding and holding that the Johnsons owned said minerals.

The evidence shows that prior to purchasing the NE/4, the Johnsons had the abstract of title covering the quarter examined by a lawyer who failed to mention in his title-examination opinion the claim or possible claim of grantor or his heirs. It appears that another lawyer concluded in 1957 that the abstract tended to show said claim and the Johnsons sought quitclaim deeds from the plaintiffs.

■ The record tends to show that the record title as of date (1927) of the conveyance from the Reeburghs to the Johnsons showed fee simple title to the NE/4 to be in Mrs. Reeburgh, which title resulted from the Sheriff's deed; that said title failed to show that Reeburgh had any right, title or interest in the quarter and failed to show a plan or scheme on the part of the Reeburghs and others to defeat the claim of grantor or his heirs to the minerals under the N/2 of the quarter. The record shows that the Johnsons did not have actual notice or knowledge of the grantor's claim and shows further that they paid a valuable consideration for the conveyance from the Reeburghs. We are, therefore, of the opinion that the Johnsons must be considered as bona fide purchasers for value of the interest in the NE/4 which the Reeburghs conveyed to them, and must, therefore, under the facts of this case, be considered as having acquired an undivided one-half of the minerals underlying the N/2 of the NE/4. See Brooks et al. v. Tucker et al., 83 Okl. 255, 201 P. 643, and Luschen et al. v. Stanton et al., 192 Okl. 454, 137 P.2d 567, 569.

Reversed as to Scott L. and Evelyn Young Reeburgh. Affirmed as to Jess and Corinne Johnson. Cause remanded to trial court for entry of judgment quieting plaintiffs' title as to the Reeburghs to an undivided one-half of the minerals underlying the N/2 of the NE/4, and quieting the Johnsons' title as to plaintiffs to the re-

maining undivided one-half of the minerals underlying said 80 acres.

WELCH, DAVISON, JOHNSON and IRWIN, JJ., concur.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY and JACKSON, JJ., concur in part and dissent in part