May M. WALKER, Elise P. Chapman, and Earl Q. Gray and John M. Poindexter, Trustees under the Will of H. C. Potterf, Deceased, Plaintiffs in Error,

v.

Estelle HOFFMAN, Defendant in Error.

No. 40422.

Supreme Court of Oklahoma.

Feb. 16, 1965.

As Amended July 20, 1965.

Rehearing Denied July 20, 1965.

John M. Poindexter, Earl Q. Gray, Ardmore, Max M. Fagin, Oklahoma City, for plaintiffs in error.

**58**

Miller & Peters, Shawnee, for defendant in error.

JACKSON, Vice Chief Justice:

The plaintiff in the trial court, Estelle Hoffman, brought this action to quiet her title to approximately eighty acres of land in Johnston County, Oklahoma. Her title to said property is deraigned from and based upon a County Treasurer's Certificate Deed issued and recorded in 1931, plus constant and continuous possession of said property from the execution and recording of the deed by the plaintiff and her predecessor.

The defendants in the trial court, Walker, Chapman, and Gray and Poindexter, as trustees, claim an undivided one-half interest in the oil, gas and mineral rights, which interest was severed by the reservation in a deed executed in 1920, at which time no taxes were allegedly unpaid. In cross-petitions, they prayed that their title to one-half of the minerals be quieted as against plaintiff's certificate deed.

The parties stipulated that plaintiff's predecessor obtained a Treasurer's Deed to the property in question in 1931, and took immediate possession of the property; and that her predecessor and the plaintiff have held continuous and open possession of the property since said date. It was further stipulated, however, that neither the plaintiff nor her predecessor (the certificate deed purchaser) ever engaged in any mining, drilling or other operation for the production of oil, gas or any other minerals.

It was further stipulated that no notice of the application for the certificate deed was issued to the owners of the severed one-half interest in the minerals, or to any person or heir having any interest in the severed minerals.

The trial court held in favor of plaintiff, quieting her title, and denied relief to defendants upon their cross-petitions. Defendants appeal.

■ Plaintiff recognizes that 68 O.S. 1961, § 451 (O.S.1931, Sec. 12759), requires the applicant for a Treasurer's Certificate Deed to cause written notice of such application to be served upon the "owner" of the land if within the state, and if not, by publication; and is familiar with the first paragraph of the syllabus in Martin v. Atkinson, Warren & Henley Co., 195 Okl. 19, 154 P.2d 945, wherein we held:

> "The owner of 'all the oil and gas, and oil and gas rights and other minerals' in and under land is the owner of an interest in the land on whom notice of an intention to demand a tax deed must be served, as required by 68 O.S. 1941, [Sec.] § 451, before his rights can be extinguished by a certificate tax deed."

Plaintiff claims a "virgin title in fee simple" (68 O.S.1961, §§ 451, 452) based upon the Treasurer's Deed and especially the five year statute of limitations, 12 O.S. 1961, § 93(3) and (6), as amended in 1949, and our decisions reported in Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058; Colonial Royalties Co. v. Stitler, Okl., 298 P.2d 1060; Williams v. Bailey, Okl., 268 P.2d 868; and Gooding v. Edwards, Okl., 290 P.2d 408.

12 O.S.1961, § 93(3) and (6), as amended in 1949, provides as follows:

> "Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter;
>
> \*   \*   \*   \*   \*   \*
>
> "(3) An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed.
>
> \*   \*   \*   \*   \*   \*
>
> "(6) Numbered paragraphs, 1, 2, and 3, shall be fully operative regardless of whether the deed or judgment or the precedent action or proceeding

upon which such deed or judgment is based is void or voidable in whole or in part, for any reason, jurisdictional or otherwise; provided that this paragraph shall not be applied so as to bar causes of action which have heretofore accrued, until the expiration of one (1) year from and after its effective date."

In Williams v. Bailey, supra, we held in the court's syllabus, as follows:

"When land has been sold for taxes and the tax deed purchaser seeks to rely on the statute 12 O.S.1951, § 93 to create a title by prescription or to bar an effort of the owner at time of tax sale to show the tax sale was void, such purchaser must show recordation of tax deed *and occupancy of the premises*, both *for the period of five years* provided by such statute." (Emphasis supplied).

In the body of the opinion the significance and necessity of "possession" was discussed at considerable length. See also in this connection Stark v. Akard, Okl., 313 P.2d 790; Kapp v. Vahlberg, Okl., 299 P.2d 159; Sarkeys v. Payte, Okl., 274 P.2d 539; Stewart v. Seigle, Okl., 274 P.2d 395; Sarkeys v. Scott, Okl., 269 P.2d 779; and Woods v. Phillips Petroleum Co., 207 Okl. 490, 251 P.2d 505.

In Jenkins v. Frederick, supra, the plaintiff therein, Jenkins, claimed ownership of the property by virtue of a void *resale* tax deed plus possession of the property for more than five years before filing suit to quiet his title. The defendant, Frederick, claimed one-half of the minerals by virtue of a mineral deed executed prior to the resale deed, and asserted that an adverse possession statute of limitations (12 O.S. 1961, § 93, supra) was not available to the plaintiff for the reason that plaintiff had never been in possession of defendant's mineral interest and that no statute of limitations operates in favor of one not in possession, citing Deruy v. Noah, 199 Okl. 230, 185 P.2d 189, and Noble v. Kahn, 206 Okl. 13, 240 P.2d 757, 35 A.L.R.2d 119. See also

Strickland v. Reeburgh, Okl., 362 P.2d 1110. We rejected Frederick's argument and observed that Jenkins' possession under his resale deed, although he produced no minerals from the land subsequent to acquiring possession under his resale deed, was possession of the entire property including the nonproducing minerals. This conclusion was reached because a "resale tax deed vests in the grantee an absolute and perfect title in fee simple to said real estate as against the owners of the minerals." 68 O.S.1961, § 432f, Sears v. Randolph, 195 Okl. 200, 156 P.2d 595.

In the Jenkins case, it was contended by the defendant, Frederick, that if she was to be deprived of her rights to the severed minerals that the statute, 12 O.S.1961, § 93, supra, is unconstitutional. We think this question, in the instant case, is important and reserve it for subsequent consideration herein.

In Gooding v. Edwards, Okl., 290 P.2d 408, supra, the plaintiff, Edwards, brought suit to quiet her title to an undivided 1/32nd interest in the severed minerals under a quarter section of land. The defendant, Gooding, claimed a fee simple title to ten acres of land within the quarter section by virtue of a "tax deed" executed subsequent to the severance of plaintiff's 1/32nd interest in the minerals. The evidence showed that defendant, Gooding, had been in possession of the land, by a farm tenant, for more than five years after receiving his tax deed and more than five years before plaintiff brought the action. The trial court held that defendant's tax deed was void and quieted plaintiff's title. We cited our decisions in Woods v. Phillips Pet. Co., 207 Okl. 490, 251 P.2d 505, supra; Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058, supra; McCasland v. Parrish, Okl., 266 P. 2d 450; Fletcher v. Twyford, Okl., 267 P. 2d 554; Boone v. Claxton, Okl., 269 P.2d 980; and Williams v. Bailey, 268 P.2d 868, supra; reversed the trial court, and held that defendant was vested with a prescriptive title to the ten acres in controversy including plaintiff's 1/32nd interest in the min-

erals. All of the cited cases, with the exception of Fletcher v. Twyford, involved *resale* deeds.

In Fletcher v. Twyford, the alleged owners of an undivided one-half interest in the minerals under a forty acre tract of land brought suit to quiet their title against the alleged owners of the remainder of the fee and a defendant Fletcher who claimed title by virtue of a certificate tax deed. The owners of the remainder of the fee filed their answer and cross petition and sought a decree quieting their title to the entire fee, except for the title of plaintiffs. The trial court determined that the tax deed was not admissible in evidence for the reason the holder thereof did not prove that he had served notice of the application for the tax deed and rendered judgment for plaintiffs and the remaindermen against the holder of the tax deed.

In the above case, the plaintiffs' mineral interest had been severed and their action was filed before the five year limitation period had expired and we held that they were eligible to contest the validity of the tax deed and affirmed the judgment of the trial court quieting their title to their severed mineral interest. In reversing the judgment of the trial court which had been rendered in favor of the owners of the remainder of the fee (the cross-petitioners), we found that the holder of the tax deed had possession of and had exercised open hostile dominion over the forty acre tract for more than five years prior to the time the remaindermen filed their answer and cross petition and were thereby barred by the five year limitations period from contesting the validity of the tax deed.

In analyzing the facts and the rules of law set forth in Fletcher v. Twyford with reference to their applicability to the instant action, we find said decision to be neither controlling nor persuasive.

The opinion in Gooding v. Edwards, supra, does not disclose whether Gooding received a resale deed or a certificate deed, or why the deed was void. We have re-examined the record and briefs in that case and it is apparent that his deed was a certificate tax deed, and that he obtained it without giving prior notice to the owner of the severed minerals, Mrs. Edwards. The record also discloses that Gooding had not been in the open and notorious possession of the minerals by producing them subsequent to acquiring his certificate deed, but only by an agricultural tenant. As explained, we are now of the view that Gooding v. Edwards, supra, should be, and it accordingly is, overruled.

In the instant case, as in the Gooding case, the treasurer's certificate tax deed was issued without notice to the owners of the severed minerals. This rendered the certificate deed void. In Lind v. Stubblefield, 138 Okl. 280, 282, 282 P. 365, 366, we said:

"In the present case (involving Certificate deed) the plaintiff alleged a failure of notice; that is, a failure to give the owner the written notice provided by section 9749, Comp.Okl.Stat. 1921 (68 O.S.1961, Sec. 451). Notice in this connection is analogous to process in the courts; and it is well known that a judgment, even so solemn a document as it is, is absolutely void unless the defendant has been served with process, with personal service, or some substituted service provided by law. Otherwise he is deprived of his property without due process of law. And a judgment is equally as void, where it recites on its face that the defendant has been served with regular process, as any other void judgment, when the judgment roll or the proceedings disclose that the defendant has not been served with process."

In addition to the fact that the applicant for the certificate deed in the instant case did not serve notice upon the owners of the severed mineral interest, as required by 68 O.S.1961, § 451, there is the further stipulated fact that neither the plaintiff nor her predecessor ever engaged in any mining or drilling operations upon the land conveyed by the certificate deed. Thus, it cannot be said that the defendants and

their predecessors were put upon notice that plaintiff, and her predecessors, were claiming the minerals adversely to them. In Lind v. Stubblefield, supra, it was further said:

> "There is another reason why the demurrer was properly overruled. It must be remembered that the plaintiff alleged possession of the premises. In a well-known text, (Cyc. vol. 37, p. 1505), under the subject 'Taxation and Tax Titles,' directly on the point at issue, it is said:
>
> > " 'So long as the original owner of land which has been sold for taxes remains in undisturbed possession of it, the statute of limitations does not run against him or prevent the maintenance of a suit to set aside the tax sale or remove the cloud on his title.'
>
> "The above text is supported by citation of authorities from nearly all the states, among them being the case of Cadman v. Smith, 15 Okl. 633, 85 P. 347.
>
> "Regarding the above rule, there is no contrary doctrine, not even a stray case, because such would be contrary to the analogies of the law relating to the rights of property claimed by prescription, and would perhaps offend both the State and Federal Constitutions. A recent case supporting the above rule is Electrolytic Copper Co. v. Rambler Conso. Mines Corp., 34 Wyo. 304, 243 P. 126, in which the court said:
>
> > " 'In Baldwin v. Merriam, supra [16 Neb. 199, 20 N.W. 250], the Nebraska court considered a statute like that of Iowa, C.S.Neb.1881, p. 425, § 134. The court said: *Even if the (tax) deeds had been valid on their face, the statute would not commence to run in favor of the holder until he took possession.* A party in actual possession of real estate cannot be ousted from such possession or his title divested by merely recording a tax deed of which he may not be aware and under which nothing is claimed. If a party claims under a tax deed and invokes the aid of the special statute of limitations, he must bring himself within the rule as to adverse possession." ' "

In Lind v. Stubblefield, supra, we also quoted from Martin v. White et al., 53 Or. 319, 100 P. 290, wherein that court cited Blackwell on Tax Titles, Sec. 944, as follows:

> "When the tax proceeding is void and the tax sale purchaser is not in possession, it is beyond the power of the legislature to transfer to the purchaser the title of the owner by lapse of time alone.
>
>    *    *    *    *    *    *
>
> "A deed upon a void sale cannot draw to it the constructive possession of unoccupied land."

See also in this connection 1 Am.Jur., Adverse Possession, Secs. 119, 139, 140; 3 Am.Jur.2d, Adverse Possession, Secs. 47, 48, 218; 13 Okl.Law Rev. 125, et seq.; Small v. Hull, 96 Mont. 525, 32 P.2d 4.

In Strickland v. Reeburgh, Okl., 362 P.2d 1110, supra, we said:

> "In Deruy v. Noah, 199 Okl. 230, 185 P.2d 189, 191, we quoted with approval from Claybrooke v. Barnes, 180 Ark. 678, 22 S.W.2d 390, 67 A.L.R. 1436, as follows:
>
> > " * * * 'Where there has been a severance of the legal interest in the minerals from the ownership of the land, adverse possession of the surface is not adverse possession of the mineral estate, even though title to the minerals be asserted all the time.' and: 'Where ownership of the surface and of the mineral rights has been severed, the only way the Statute of Limitations can be asserted against the owner of the mineral rights or estate is for the owner of the surface estate or some other person to take actual possession of the minerals by opening and operating mines for the statutory period.' See also Douglass et al. v. Mounce et al., Okl., 303 P.2d 430, 433, and cited cases."

The defendant in Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058, supra, appar-

ently contended that if defendant was to be deprived of her mineral interest based upon the published notice of resale, which publication did not name her as a record owner of the minerals, that she would be deprived of her property without notice and therefore without due process. We rejected that argument for the reason that a county treasurer's published notice of a resale tax sale, which described the land to be sold, gives notice to *all* that unless the land is redeemed by paying the taxes a resale deed will be issued to the purchaser. Therein, we quoted from Cornelius v. Jackson, 201 Okl. 667, 209 P.2d 166, as follows:

"Where a statute authorizes a lien for ad valorem taxes to be foreclosed by advertisement and sale by the county treasurer, the proceedings thereunder relate to the land itself, rather than the owner thereof, and where the statute provides for notice and gives the right to any person owning the land, or any interest therein, to redeem the land from such taxes at any time before a tax deed is issued by the county treasurer, the statute affords due process of law, and the owner of the nonproducing oil, gas, and other mineral rights, whose interest in the land, in the name of the owner of the surface, is assessed, advertised, and sold for delinquent ad valorem taxes, is given equal protection of the law and is not deprived of property without due process of law."

Since the published notice of a resale describes the land to be sold, the owners of severed mineral interests are put upon notice by statutory law, 68 O.S.1961, § 432f, supra, that the purchaser at resale will receive a virgin and fee simple title to the described tract, including the minerals. Therefore, such severed mineral interest holders are charged with notice when the resale deed purchaser goes into possession of the surface that he is claiming all mineral interests adversely. In these circumstances it cannot be said that the severed mineral interest holder was without notice of the resale deed and of the adverse claim to the minerals by the purchaser's occupancy of the surface; and due process has not been denied.

■ The analogy between resale deeds and treasurer's certificate deeds would appear to be perfect where the applicant for a certificate deed gives notice to all "owners" who must be served with notice as required by 68 O.S.1961, § 451, supra. But the analogy is imperfect under the facts in this case. Here the applicant for the treasurer's deed did not give the owners of the severed minerals notice of the application for the certificate deed. It is true that a certificate deed conveys a virgin and fee simple title, 68 O.S.1961, § 452. But, where, as here, the applicant for the certificate deed fails to give notice of his application to the owners of the severed minerals, the owners of the severed minerals are not put upon notice of an adverse claim to the minerals by a subsequent occupancy of the surface. Thus, if the owner of severed minerals may be deprived of his mineral estate without notice of the application for certificate deed, and without notice of an adverse claim to the minerals (occupancy of the surface not being notice of an adverse claim to the minerals, Strickland v. Reeburgh, supra), it would suggest that due process, for lack of notice, has been denied. Lind v. Stubblefield, supra.

From the foregoing considerations the judgment of the trial court must be, and accordingly is, reversed, and the cause is remanded to the trial court with instructions to enter judgment for the plaintiff quieting her title to all of the land involved in the action except the severed mineral interests of the defendants; and to enter judgment for the defendants quieting their titles to the severed mineral interests.

HALLEY, C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

BLACKBIRD, J., concurs in result.